**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ACC CONSTRUCTION CO., INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 07-379C** |
| **v.** | ) | **(Judge Baskir)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**APPENDIX OF EXHIBITS TO MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER CASE TO ARMED SERVICES BOARD OF CONTRACT APPEALS**

**TAB A-1 (PREVIOUSLY FILED, ATTACHED TO THE COMPLAINT, NOT INCLUDED HERE): October 27, 2005 claim letter from the Plaintiff ("ACC") to the Government Contracting Officer ("CO") demanding an interpretation from the CO of the contract performance period.**

**TAB A-2 (PREVIOUSLY FILED, ATTACHED TO THE COMPLAINT, NOT INCLUDED HERE): November 21, 2005 letter from ACC to the CO further explaining the claim.**

**TAB A-3 (PREVIOUSLY FILED, ATTACHED TO THE COMPLAINT, NOT INCLUDED HERE): December 22, 2005 letter from ACC to the CO requesting a decision.**

**TAB A-4 (PREVIOUSLY FILED,ATTACHED TO THE COMPLAINT, NOT INCLUDED HERE): June 16, 2005 letter from the CO rendering a written decision on the claim.**

**TAB A-5: Affidavit of Mason McKnight, III dated September 24, 2007.**

**TAB A-6: Notice of Appeal filed with the Board by ACC on June 13, 2007 regarding the CO's Decision dated March 30, 2007 denying**

a claim in the amount of $33,198.99 and a 14-day time extension for increasing pile cap sizes and reconfiguring pile cap rebar.

TAB A-7: Notice of Appeal filed with the Board by ACC on August 2, 2007 regarding the CO's Decision dated June 28, 2007 denying a claim in the amount of $249,743.52 and a 108-day time extension.

TAB A-8: Notice of Appeal filed with the Board by ACC on August 29, 2007 regarding a claim letter dated June 11, 2007 demanding a 56-day time extension for weather delays.

TAB A-9: Board's Notice of Docketing dated June 18, 2007 – ASBCA No. 56071.

TAB A-10: Board's Notice of Docketing dated August 7, 2007 – ASBCA No. 56125.

TAB A-11: Board's Notice of Docketing dated September 4, 2007 – ASBCA No. 56155.

TAB A-12: Complaint filed by ACC on July 12, 2007 on ASBCA No. 56071.

TAB A-13: Answer filed by the Government under a cover letter dated August 14, 2007 on ASBCA No. 56071.

TAB A-14: Complaint filed by ACC on August 29, 2007 on ASBCA No. 56125.

TAB A-15: Complaint filed by ACC on October 2, 2007 on ASBCA No. 56155.

# EXHIBITS A-1 THRU A-4

**(attached to Complaint)**

# EXHIBIT A-5

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ACC CONSTRUCTION CO., INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **CASE NO. 07-379C**<br>**(Judge Baskir)** |

## AFFIDAVIT OF MASON MCKNIGHT, III

There came before me, a Notary Public, duly certified by law to administer and receive oaths and acknowledgments, one MASON McKNIGHT, III, who having first been duly sworn, stated and deposed on oath as follows:

1. That I am above the age of twenty-one (21) and am competent to execute this affidavit.

2. That I make this affidavit for use in the above-entitled matter on the basis of my personal knowledge, and on the basis of regularly-maintained business records under the control and custody of ACC Construction Co., Inc. ("ACC").

3. That I am the President of ACC Construction Co., Inc. ("ACC"), a Georgia corporation organized and existing under the laws

of the State of Georgia, that I am authorized to speak on behalf of ACC and to bind the corporation, and that I am the senior project manager for ACC on the project that is the subject of this case.

4. Contract No. W9126G-05-0006 is being performed as of the date of this affidavit. The contract is being administered on behalf of the United States of America ("the Government"), by The U.S. Army Corps of Engineers ("the Corps"). During administration of the contract, certain matters have been and are being disputed between ACC and the Government. A Contracting Officer ("CO") of the Corps has explicitly denied three (3) claims submitted by ACC. In one instance, the CO did not render a decision within the time limit set in the Disputes provision of the contract and ACC deemed the claim denied.

5. The first decision by the CO on a claim submitted by ACC was not appealed to the Armed Services Board of Contract Appeals within ninety (90) days after receipt by ACC of the decision. At that time, I did not yet have a full appreciation for the merits of the first claim. Further, I did not yet have a complete understanding of how that claim might relate to other claims under the contract, in particular, the delay and time extension claims. I did not envision the

number and scope of other potential claims under the contract. Some of the claim events had not yet occurred at that time.

6. All four (4) claims presently before this Court and the board seek a time extension to the performance period for certain work under the contract.

7. ACC has other claims pending before the CO. ACC intends to submit additional claims to the CO. If the CO denies any claim, and if ACC determines that it will challenge any such claim denial, then ACC intends to file its appeal(s) before the board.

Dated this 24 day of September, 2007.

Mason McKnight, III

Subscribed and sworn to before me, this 24th day of September, 2007.

Notary Public
My Commission Expires: MY COMMISSION EXPIRES NOVEMBER 20, 2010

S. DENISE REED NOTARY PUBLIC RICHMOND COUNTY

# EXHIBIT A-6

**SMITH, CURRIE & HANCOCK LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Reply To:*
Steven L. Reed
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-8020
slreed@smithcurrie.com

June 13, 2007

***VIA CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED 7006 2150 0003 5547 7152***

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

**NOTICE OF APPEAL**

RE: Contract No. W9126G-05-C-0006
Passenger Processing Facility, England Air Park, Alexandria, Louisiana

Dear Ms. ~~Stanton~~: Catherine

Enclosed is a Contracting Officer's Final Decision dated March 30, 2007, denying a claim submitted by ACC Construction Co., Inc. (ACC) which was for the amount of $33,198.99. The claim was for increasing pile cap sizes and reconfiguring pile cap rebar. The Contracting Officer's Final Decision denied the claim in its entirety. Pursuant to the Contract Disputes Act (41 U.S.C. § 601 et. seq.), and as provided in the Final Decision, ACC submits this its Notice of Appeal from the denial of its claim by the attached Contracting Officer's Final Decision. Please enter the Notice of Appearance for me and for Karl Dix, Jr. as counsel of record for ACC.

If you should have any questions regarding this Notice of Appeal, please do not hesitate to contact me. If any other actions are needed to perfect this Notice of Appeal,

please contact me immediately at the telephone number above. Thank you for your assistance in this matter.

Respectfully submitted,

SMITH, CURRIE & HANCOCK LLP

Steven L. Reed

Karl Dix, Jr.
Attorneys for ACC Construction Co., Inc.

SLR/mos
Enclosures

cc: Mason McKnight, ACC Construction Co., Inc.
William Wheeler, ACC Construction Co., Inc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Catherine A. Stanton, Recorder
ASBCA
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Archie D [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Ard. D G[illegible]

C. Date of Delivery 6/18/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 2150 0003 5547 7152

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7006 2150 0003 5547 7152

| | |
|---|---|
| Postage | $ .97 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.77 |

Postmark Here

SL Reed

Sent To Catherine Stanton, ASBCA
Street, Apt. No.; or PO Box No. Skyline Six, Rm 703, 5109 Leesburg Pike
City, State, ZIP+4 Falls Church, VA 22041-3208

PS Form 3800, August 2006 See Reverse for Instructions

# EXHIBIT A-7

**SMITH, CURRIE & HANCOCK LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Reply To:*
**Steven L. Reed**
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-8020
slreed@smithcurrie.com

August 2, 2007

***VIA CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED 7006 0810 0005 9605 0139***

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

**NOTICE OF APPEAL**

RE: Contract No. W9126G-05-C-0006
Passenger Processing Facility, England Air Park, Alexandria, Louisiana
Security Windows Upgrade Claim

Dear Ms. Stanton:

Enclosed is a Contracting Officer's Final Decision dated June 28, 2007, denying a claim submitted by ACC Construction Co., Inc. (ACC) in the amount of $249,743.52, and a 108-day time extension. The claim was for security windows upgrades that were directed by the Government in modifications to the contract. The Contracting Officer's Final Decision denied the claim in its entirety. Pursuant to the Contract Disputes Act (41 U.S.C. § 601 et. seq.), and as provided in the Final Decision, ACC submits this its Notice of Appeal from the denial of its claim by the attached Contracting Officer's Final Decision. Please enter a Notice of Appearance for the undersigned and for Karl Dix, Jr. as counsel of record for ACC.

If you should have any questions regarding this Notice of Appeal, please do not hesitate to contact me. If any other actions are needed to perfect this Notice of Appeal, please contact me immediately at the telephone number above. Thank you for your assistance in this matter.

Respectfully submitted,

SMITH, CURRIE & HANCOCK LLP

Steven L. Reed

Karl Dix, Jr.
Attorneys for ACC Construction Co., Inc.

SLR/mos
Enclosures

cc: Mason McKnight, III, ACC Construction Co., Inc.
William Wheeler, ACC Construction Co., Inc.

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Catherine A. Stanton,
Recorder

ASBCA
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
x Aord D [illegible]
☐ Agent
☐ Addressee

B. Received by (*Printed Name*) Andr D [illegible]

C. Date of Delivery 8/7/07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7006 0810 0005 9605 0139

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7006 0810 0005 9605 0139

| | |
|---|---|
| Postage | $ 1.13 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.93 |

Postmark Here

(SLR)

Sent To Catherine Stanton ASBCA
Street, Apt. No.; or PO Box No. Skyline Six, Rm 703
City, State, ZIP+4 Falls Ch VA 22041

PS Form 3800, June 2002 See Reverse for Instructions

# EXHIBIT A-8

**SMITH, CURRIE & HANCOCK LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Reply To:*
**Steven L. Reed**
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-802
slreed@smithcurrie.cor

August 29, 2007

**CERTIFIED MAIL –**
**RETURN RECEIPT REQUESTED**
Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

Re: ***Contract No. W9126G-05-C-0006***
***Passenger Processing Facility, England Air Park, Alexandria, Louisiana***
***Weather Delays Claim***

**NOTICE OF APPEAL**

Dear Ms. Stanton:

By letter dated June 11, 2007, ACC Construction Co., Inc. (ACC) submitted a claim letter demanding a 56-day time extension for weather delays (copy attached). The claim has no monetary component. The letter, on the last page, specifically requested a Contracting Officer (CO) final decision.

As of this date, 79 days after submitting the claim letter, ACC has received neither a final decision nor written notification concerning when a decision will be provided. Accordingly, pursuant to the Contract Disputes Act of 1978 (41 U.S.C. §601 *et seq.*), ACC hereby appeals the deemed denial of its claim.

Please enter a Notice of Appearance for the undersigned and for Karl Dix, Jr., as counsel of record for ACC. If you have questions regarding this Notice of Appeal or if there are other

actions needed to perfect this Notice of Appeal, please contact me at the telephone number above. Thank you for your assistance in this matter.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

Steven L. Reed

Karl Dix, Jr.
Attorneys for ACC Construction Co., Inc.

SLR/si
enclosure

cc: Mr. Mason McKnight, III, ACC Construction Co., Inc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Catherine A. Stanton, Recorder
ASBCA
Skyline 6, Rm 703
5109 Leesburg Pike
Falls Church, Va
22041-3208

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [illegible]

C. Date of Delivery 8-31-07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7007 0220 0004 0763 0965

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

7007 0220 0004 0763 0965

| | |
|---|---|
| Postage | $ .58 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.38 |

Postmark Here: PEACHTREE CENTER STA. AUG 29 2007 USPS ATLANTA, GA 30343

Sent To Catherine Stanton

Street, Apt. No.; or PO Box No. ASBCA

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions

# EXHIBIT A-9

ARMED SERVICES BOARD OF CONTRACT APPEALS
SKYLINE 6
5109 LEESBURG PIKE
FALLS CHURCH VA 22041-3208
Telephone: (703) 681-8502
18 June 2007

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| ACC Construction Company, Inc. | ) | ASBCA No. 56071 |
| | ) | |
| Under Contract No. W9126G-05-C-0006 | ) | |

NOTICE OF DOCKETING

Steven L. Reed, Esq.
Karl Dix, Jr., Esq.
Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, GA 30303-1227

Your appeal has been assigned ASBCA docket number 56071. Please refer to the docket number in all future correspondence. Send a copy of all correspondence directed to the Board, including enclosures, to government counsel at the address below (noting on the Board's copy that you have done so), unless the Board orders otherwise. A standard format for correspondence and pleadings is contained in the Board's Rules.

Enclosed are the Board's Rules, a Guidance for Summary Judgment Motions, a Notice Regarding Alternative Methods of Dispute Resolution (ADR), and procedures relating to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504.

Board Rule 6 requires you to file your complaint within 30 days of your receipt of this docketing notice.

You may elect the ACCELERATED PROCEDURE if the amount in dispute is $100,000 or less. You may elect the EXPEDITED (SMALL CLAIMS) PROCEDURE if the amount in dispute is $50,000 or less or, in the case of a small business concern (as defined in the Small Business Act and regulations under that Act), $150,000 or less. Rule 12 describes these procedures, including time limits.

You are urged to consider ADR procedures for disposition of your appeal. The enclosed notice describes some of the ADR methods which parties have used successfully in the past. Sample ADR agreements are available upon request.

Printed on Recycled Paper

Should you prevail on your appeal and be otherwise entitled, you may file an application for EAJA fees and expenses. Your application must be filed within 30 days of a final disposition of the appeal.

Until another attorney enters an appearance, the Government is represented by the Engineer Chief Trial Attorney, U.S. Army Corps of Engineers, Attn: DAEN-CECC-F, 441 G Street, NW, Washington, DC 20314-1000, (202)761-8542.

for Pamela K. Lewis
CATHERINE A. STANTON
Recorder

Enclosures
cc:
Government Counsel
(w/ADR Notice and Summary Judgment Guidance)

# EXHIBIT A-10

**ARMED SERVICES BOARD OF CONTRACT APPEALS**
SKYLINE 6
5109 LEESBURG PIKE
FALLS CHURCH VA 22041-3208
Telephone: (703) 681-8502
7 August 2007

received 8/10/07

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| ACC Construction Company, Inc. | ) | ASBCA No. 56125 |
| | ) | |
| Under Contract No. W9126G-05-C-0006 | ) | |

NOTICE OF DOCKETING

Steven L. Reed, Esq.
Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, GA 30303-1227

Your appeal has been assigned ASBCA docket number 56125. Please refer to the docket number in all future correspondence. Send a copy of all correspondence directed to the Board, including enclosures, to government counsel at the address below (noting on the Board's copy that you have done so), unless the Board orders otherwise. A standard format for correspondence and pleadings is contained in the Board's Rules.

Enclosed are the Board's Rules, a Guidance for Summary Judgment Motions, a Notice Regarding Alternative Methods of Dispute Resolution (ADR), and procedures relating to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504.

Board Rule 6 requires you to file your complaint within 30 days of your receipt of this docketing notice.

You are urged to consider ADR procedures for disposition of your appeal. The enclosed notice describes some of the ADR methods which parties have used successfully in the past. Sample ADR agreements are available upon request.

Should you prevail on your appeal and be otherwise entitled, you may file an application for EAJA fees and expenses. Your application must be filed within 30 days of a final disposition of the appeal.

Until another attorney enters an appearance, the Government is represented by the Engineer Chief Trial Attorney, U.S. Army Corps of Engineers, Attn: DAEN-CECC-F, 441 G Street, NW, Washington, DC 20314-1000, (202)761-8542.

for CATHERINE A. STANTON
Recorder

Enclosures
cc:
Government Counsel
(w/ADR Notice and Summary Judgment Guidance)

Printed on Recycled Paper

# EXHIBIT A-11

ARMED SERVICES BOARD OF CONTRACT APPEALS
SKYLINE 6
5109 LEESBURG PIKE
FALLS CHURCH VA 22041-3208
Telephone: (703) 681-8502

DATE RECEIVED: 9-7-07
ORIGINAL FILED:
COPIES SENT TO:
COPY ROUTED TO:

4 September 2007

Appeal of --

ACC Construction Company, Inc. ) ASBCA No. 56155

Under Contract No. W9126G-05-C-0006

NOTICE OF DOCKETING

Steven L. Reed, Esq.
Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, GA 30303-1227

Your appeal has been assigned ASBCA docket number 56155. Please refer to the docket number in all future correspondence. Send a copy of all correspondence directed to the Board, including enclosures, to government counsel at the address below (noting on the Board's copy that you have done so), unless the Board orders otherwise. A standard format for correspondence and pleadings is contained in the Board's Rules.

Enclosed are the Board's Rules, a Guidance for Summary Judgment Motions, a Notice Regarding Alternative Methods of Dispute Resolution (ADR), and procedures relating to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504.

Board Rule 6 requires you to file your complaint within 30 days of your receipt of this docketing notice.

You are urged to consider ADR procedures for disposition of your appeal. The enclosed notice describes some of the ADR methods which parties have used successfully in the past. Sample ADR agreements are available upon request.

Should you prevail on your appeal and be otherwise entitled, you may file an application for EAJA fees and expenses. Your application must be filed within 30 days of a final disposition of the appeal.

Until another attorney enters an appearance, the Government is represented by the Engineer Chief Trial Attorney, U.S. Army Corps of Engineers, Attn: DAEN-CECC-F, 441 G Street, NW, Washington, DC 20314-1000, (202)761-8542.

for Paula K. Levin
CATHERINE A. STANTON
Recorder

Enclosures
cc:
Government Counsel
(w/ADR Notice and Summary Judgment Guidance)

# EXHIBIT A-12

SMITH, CURRIE & HANCOCK LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Reply To:*
Steven L. Reed
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-8020
slreed@smithcurrie.com

July 12, 2007

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

RE: ASBCA No. 56071
Appeal of ACC Construction Company, Inc.
Under Contract No. W9126G-05-C-0006

**COMPLAINT**

COMES NOW, the Appellant, ACC CONSTRUCTION CO., by and through the undersigned counsel and files this Complaint in the above-referenced appeal. Appellant hereby alleges the following:

**The Parties and Jurisdiction**

1. On March 8, 2005, Contract No. W9126G-05-C-0006 (the "Contract") was awarded by a contracting officer ("CO") of the U.S. Army Engineer District, Ft. Worth, Department of the Army, United States of America (the "Government") to ACC Construction Co. ("ACC"), Appellant before the Board in this appeal. The Contract was for construction of a passenger processing facility ("PPF") and other work located at England Air Park, Alexandria, Louisiana.

2. The Contract was awarded subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq.* The Contract included, among other provisions, the Disputes clause found at 48 C.F.R. (the Federal Acquisition Regulation) § 52.233-1.

3. By letter to the CO dated February 1, 2007, appellant submitted a claim pursuant to the Disputes provision of the contract. The claim demanded additional payment from the government in the amount of $33,198.99, plus a 14-day time extension. The claim letter was received by the Government on February 2, 2007.

4. In a CO final decision dated March 30, 2007, the CO denied the claim.

5. By Appellant's timely Notice of Appeal, an appeal to this Board was taken from the CO final decision dated March 30, 2007. The Board docketed the appeal as captioned above.

**The Facts**

6. The PPF and other work which was the subject of the contract were designed by the Government.

7. The Government's design for the PPF foundation included structural components known as prestressed concrete piles, and, above the piles, reinforced concrete pile caps. Other structural members of the PPF were supported by the piles and pile caps. The piles were to be placed into the earth by "driving" them, that is, using heavy equipment to hammer the piles. Pile caps were then to be fabricated, formed, and placed atop the piles.

8. Concerning prestressed concrete piles, the Government described and specified the location, orientation, and types of piles on Contract drawings and in the Contract specifications, all drafted by the Government. Placement or "driving" of piles was described in the Contract specifications and a Contract drawing, drafted by the Government, including tolerances in driving of piles that allowed deviations from the location and orientation specified.

9. Reinforced concrete pile caps were designed by the Government. The design was shown on Contract drawings drafted by the Government. The Contract drawings drafted by the Government showed the size of the pile caps, placement of reinforcing steel within the concrete pile caps, and orientation in relation to the piles and, in some instances, in relation to the building foundation. Among other dimensions, the pile caps were to extend horizontally outward from the dimension of the pile beneath, that is, wider than the pile beneath, by thirteen inches (13"), hereinafter referred to as the 13-inch pile cap coverage.

10. The Government's "BIDDING SCHEDULE," on which proposal prices were to be entered, included, among others, Contract Line Item Nos. 0005AA, concrete piles to be placed and paid for by the linear foot of pile driven, and 0005AC, "Pile Withdrawals."

11. ACC submitted its proposal in reliance on the Government's design.

12. After award of the contract, ACC placed the piles in accordance with the Government's design, including tolerances allowed by the Contract specifications and drawings. The Government agreed that the pilings were placed within the specified tolerance and paid, without reduction, for the placement of all piles. No pile withdrawals were directed and no payment was made for pile withdrawals.

13. ACC fabricated the reinforcing steel ("rebar") "cages" and forms in anticipation of the further placement of piles and pile caps. The rebar and forms were fabricated by ACC to the dimensions specified in the Contract as designed by the Government.

14. All rebar and forms to be placed as component parts of the pile caps were placed in accordance with Contract specifications and drawings as designed by the Government.

15. When the correctly fabricated pile caps were placed atop pilings that had been driven properly, all in accordance with the Contract specifications and drawings, including

tolerances allowed by the Contract drawings and specifications, the pile caps did not meet the minimum 13-inch pile cap coverage that was specified in the Contract.

16. When the Government's piling and pile caps design, as properly placed by ACC, did not meet the Government's 13-inch pile cap coverage, the Government directed ACC to modify the pile cap size and rebar configuration such that the 13-inch pile cap coverage would be attained. The rebar cage was also increased to meet the minimum requirement for concrete coverage between rebar and earth surrounding the pile caps concrete.

17. ACC complied with the Government's directive.

18. ACC incurred additional costs totaling $33,198.99, to comply with the Government's directives. Accomplishment of the extra work extended the performance period by 14 days.

**Prayer for Relief**

WHEREFORE, ACC Construction Co. respectfully requests that this Board find the government liable to appellant in the amount of $33,198.99, plus interest as provided by the Contract Disputes Act of 1978, and a 14-day time extension.

Respectfully submitted this 17th day of July, 2007.

**SMITH, CURRIE & HANCOCK, LLP**

Karl Dix, Jr.
Steven L. Reed

2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303-1227
Ph: (404) 521-3800
Fax: (404) 688-0671

Attorneys for ACC Construction Co.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 12th day of July, 2007, served a true and accurate copy of the foregoing COMPLAINT upon the following via United States mail, first class postage prepaid and addressed as follows:

Howard Strackbein, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Fort Worth
ATTN: Office of Counsel (CESWF-OC)
P.O. Box 17300
Ft. Worth, TX 76102-0300

Steven L. Reed
Attorney for Appellant
ACC Construction Company

# EXHIBIT A-13

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

received
8-20-07

August 14, 2007

Office of Counsel

SUBJECT: ASBCA No. 56071, Appeal of ACC Construction, Inc., Contract No. W9126G-05-C-0006

Ms. Catherine A. Stanton
Recorder
Armed Services Board
of Contract Appeals
Skyline Six
5109 Leesburg Pike, 7th Floor
Falls Church, Virginia 22041-3208

Dear Ms. Stanton:

Enclosed please find Respondent United States Corps of Engineer's Answer to the above-referenced case along with two additional copies, in accordance with ASBCA Rule 6. This Answer is due no later than August 16, 2007.

Should you have any questions, please do not hesitate to call the undersigned attorney at 817.886.1151.

Sincerely,

Howard Strackbein

Howard E. Strackbein
Engineer Trial Attorney

Enclosure

Copies Furnished:

Smith, Currie & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

CDRUSACE (CECC-C)

BEFORE THE

ARMED SERVICES BOARD OF CONTRACT APPEALS

FALLS CHURCH, VIRGINIA

| | | |
|---|---|---|
| Appeal of | § | |
| ACC Construction, Inc. | § § | ASBCA No. 56071 |
| Contract No. W9126G-05-C-0006 | § § | |

ANSWER

COMES NOW RESPONDENT, and for its Answer to Appellant's Complaint, dated July 12, 2007, to the Board, hereby admits, denies, and avers as follows:

Paragraph No. 1: Admits.

Paragraph No. 2: Admits.

Paragraph No. 3: Admits the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, admits Appellant claimed additional compensation and time, but denies that the claim has merit, and denies the remaining allegations therein. Admits the allegations in the third sentence of this paragraph.

Paragraph No. 4: Admits.

Paragraph No. 5: Admits.

Paragraph No. 6: Admits, except Respondent points out that, where as in this case the Appellant deviates from the contract plans, they are responsible for any design accommodation necessitated by their deviation.

Paragraph No. 7: Admits the design included piles and pile caps supporting other structural members. Additionally admits that piles were placed with the use of pile drivers and that pile caps were reinforced and placed on the piles, but denies all remaining allegations in this

paragraph, and Respondent points out that, where as in this case Appellant deviated from the contract plans, they are responsible for any design accommodation necessitated by their deviation.

Paragraph No. 8: With respect to the allegations in this paragraph, admits the contract drawings and specifications provide the location, orientation, and types of piles, while additionally describing the pile placement with allowable tolerances, but denies the remaining allegations therein, and points out that, where as in this case Appellant deviated from the contract plans, they are responsible for any design accommodation necessitated by their deviation..

Paragraph No. 9: Admits, but points out that, whereas Appellant deviated from the contract plans, it is responsible for any design accommodation necessitated by its deviation.

Paragraph No. 10: Admits

Paragraph No. 11: With respect to the allegations in this paragraph, lacks sufficient information to affirm or deny, and, therefore, denies them.

Paragraph No. 12: With respect to the allegations in the first sentence of this paragraph, denies. With respect to the allegations in the second sentence of this paragraph, admits that the Government paid for placement of the piles, but denies the remaining allegations therein. With respect to the allegations in the third and final sentence in this paragraph, admits.

Paragraph No. 13: With respect to the allegations in this paragraph, lacks sufficient information to affirm or deny the allegations therein, and, therefore, denies them.

Paragraph No. 14: With respect to the allegations in this paragraph, lacks sufficient information to affirm or deny the allegations therein, and, therefore, denies them.

Paragraph No. 15: Admits that the initial placement of the pile caps did not meet the 13 inch requirement, due to the fact that Appellant did not place the piers parallel and perpendicular

to the sides of the building as shown on the drawings, but denies the remaining allegations therein.

Paragraph No. 16: With respect to the allegations in the first sentence of this paragraph, denies. With respect to the allegations in the second sentence of this paragraph, admits.

Paragraph No. 17: Respondent asserts no directive was issued and, therefore, denies the allegations therein.

Paragraph No. 18: With respect to the allegations in the first sentence of this paragraph, lacks sufficient information to affirm or deny the allegations, and, therefore, denies the allegations therein, and asserts that Appellant is not entitled to any such costs. With respect to the allegations in the second and last sentence of this paragraph, denies.

With respect to the allegations in the last paragraph of the Complaint, serving as Appellant's prayer, denies that Appellant is entitled to the relief requested.

DEFENSES AND AFFIRMATIVE DEFENSES

Appellant's complaint is wholly without merit, and Respondent, therefore, sets out the following defenses. All work to be performed by Appellant is governed, in part, by the Government's contract drawings. In this specific instance, the drawings specify, among other things, the orientation of the piles for the foundation of the Passenger Processing Facility, which is the subject of this complaint. Contract drawings S200, S201, S202, S203, S204, and S205 show the piles as being placed perpendicular and/or parallel to the sides of the building foundation. Appellant failed to comply with this requirement and placed many of the square piles with the sides skewed relative to the sides of the building, i.e., they were not configured perpendicular and/or parallel to the sides of the building foundation as required by the contract drawings. The cause of this non-compliance was Appellant's election to place the crane at

various locations within the building footprint and pivot/rotate about that location while driving the piles. This failure to move its drilling rig with sufficient frequency resulted in the piles being oriented in a radius pattern instead of a grid pattern as shown on contract drawings S200-S205. Consequently, the adjustment to the pile caps was necessitated by Appellant's failure to orient the piles in the required direction, and, therefore, is entirely the contractor's responsibility.

Additionally, there is no evidence that any authorized Government representative approved any changes in the contract drawings. This would include the configuration of pile placement. Furthermore, Appellant failed to propose or request an alteration to the direction of the pile placement.

## AFFIRMATIVE DEFENSES

Finally, Respondent asserts the affirmative defense of failure to mitigate damages, because Appellant failed to take any steps to mitigate its damages, if any, such as proposing and/or requesting any alterations to the direction of the placement of the piles and for pile caps, as required by law.

CONCLUSION AND PRAYER

WHEREFORE, premises considered, Respondent prays that Appellant be denied all the relief requested in its Complaint, and that the decision of the Contracting Officer be sustained in its entirety.

Lloyd R. Crosswhite
District Counsel
U.S. Corps of Engineers
Fort Worth District

HOWARD E. STRACKBEIN
Engineer Trial Attorney
U.S. Army Corps of Engineers
Fort Worth District

# EXHIBIT A-14

# SMITH, CURRIE & HANCOCK LLP

ATTORNEYS AT LAW

A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Reply To:*
**Steven L. Reed**
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-80
slreed@smithcurrie.cc

August 29, 2007

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

RE: ASBCA No. 56125
Appeal of ACC Construction Company, Inc.
Under Contract No. W9126G-05-C-0006

**COMPLAINT**

COMES NOW the Appellant, ACC CONSTRUCTION CO., INC., by and through the undersigned counsel and files this Complaint in the above-referenced appeal. Appellant hereby alleges the following:

**The Parties and Jurisdiction**

1. On March 8, 2005, Contract No. W9126G-05-C-0006 (the "Contract") was awarded by a contracting officer ("CO") of the U.S. Army Engineer District, Fort Worth, Department of the Army, United States of America (the "Government") to ACC Construction Co. ("ACC"), Appellant before the Board in this appeal. The Contract was for construction of a passenger processing facility and other work located at England Air Park, Alexandria, Louisiana.

2. The Contract was awarded subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq*. The Contract included, among other provisions, the Disputes clause found at 48 C.F.R. (the Federal Acquisition Regulation) § 52.233-1.

3. By letter to the CO dated January 25, 2007, Appellant submitted a claim pursuant to the Disputes provision of the Contract. The claim demanded additional payment from the Government in the amount of $249,743.52, plus a 108-day time extension. The claim letter was received by the Government on January 30, 2007. The monetary amount claimed was later amended, increased, and recertified by letter dated April 23, 2007.

4. In a CO final decision dated June 28, 2007, the CO generally denied the claim. The decision did not specifically respond to the amended and increased claim monetary amount.

5. By Appellant's timely Notice of Appeal, an appeal to this Board was taken from the CO final decision dated June 28, 2007. The Board has docketed the appeal as captioned above.

## The Facts

6. In letter No. RFP-0004, mistakenly dated May 9, 2005, but actually signed on or about May 9, 2006, Administrative CO ("ACO") Warren E. Sayes issued to ACC a request for proposals ("RFP") for a proposed change to incorporate "Antiterrorism and Force Protection Changes" to the Contract. The changes to the Contract revised the Contract specifications related to doors, windows, glass, and glazing, including Specification Section 08120, "ALUMINUM DOORS AND FRAMES (BLAST RESISTANT)." The RFP specifically stated that ACC was not to start the changed work.

7. ACC supplied the RFP to its subcontractor by letter dated May 11, 2006.

8. By e-mail dated May 12, 2006, the supplier to the subcontractor stated that the lead time for the specified windows was 15 to 16 weeks (that is, 105 to 112 calendar days) after approval of shop drawings.

9. ACC sought clarifications of the submittal and shop drawings requirements for the changed work.

10. At a meeting on June 22, 2006, ACC proposed a Contract price increase of $135,452.23, including extended field office overhead costs, and a 103-day time extension. The proposal was confirmed by a letter to ACO Sayes from ACC dated June 27, 2006. Attached to the letter dated June 27, 2006 were subcontractor quotes and a computer diskette containing a construction schedule "subnet" based on ACC's project schedule dated May 2006.

11. At a meeting on June 28, 2006, the Government further clarified the scope of the changed work. ACC noted that the major problem with the directed changes was the delivery time, now estimated to be 14 weeks (98 days).

12. On June 30, 2006, pursuant to the Changes provision of the Contract, ACO Sayes issued unilateral Modification No. P00010 to the Contract ("Mod 10"). Mod 10 changed the specifications under the Contract for doors, windows, glass, and glazing, provided a Contract price increase of $45,000.00, allowed no time extension, and directed that the changed work proceed. Concerning the price increase and the Government's financial obligation, ACC was directed to provide 15 days advance notice to the Government when ACC anticipated increased costs of $33,750.00.

13. Upon receipt of Mod 10, ACC notified the Government in writing that the increased costs of the changed work had exceeded $33,750.00 as soon as the directed changes

were forwarded to the subcontractor. The ACC notice letter was incorrectly dated June 27, 2006. It should have been dated July 5, 2006.

14. By letter dated July 12, 2006, ACO Sayes directed continuation of preliminary work, "such as shop drawing and submittal preparations." The letter made two additional changes to the Contract specifications and requested a revised proposal from ACC. Corrected dimensions were supplied by the Government on July 27, 2006.

15. In a letter dated August 1, 2006, ACC submitted a revised proposal totaling $72,941.35, plus a 60-day time extension; however, in a letter dated August 18, 2006, which described the progress of the changed work and the approval process, ACC notified the Government that the delivery time from the supplier would not be known until the final production order was received after the Government made its final technical revisions.

16. The parties conducted discussions in an attempt to resolve the equitable adjustment due on account of Mod 10. The Government made final changes in the dimensions of the specified glass area on August 31, 2006. Those changes required the supplier to recalculate blast resistance. Technical clarifications related to door components ("mullions") were requested by ACC in a letter dated September 1, 2006. Firm delivery dates from the supplier could not be obtained until these technical matters were resolved. Accordingly, ACC's time extension requests were based on estimates.

17. On September 13, 2006, ACO Sayes declined to continue the discussions in an attempt to resolve the equitable adjustment due on account of Mod 10. Instead, he issued unilateral Contract Modification No. P00014 ("Mod 14"), which purported to definitize Mod 10 by allowing a total contract price increase of $23,000.00 for the changed work (that is, a $22,000.00 decrease from the amount earlier allowed in Mod 10). Mod 14 allowed no time

extension even though the Project Engineer had earlier, during negotiations, offered a 19-day time extension.

18. By letter to the CO dated December 22, 2006, ACC requested an equitable adjustment of $249,743.52, in addition to the amount allowed in Mod 14, plus a 108-day time extension. The 108-day delay and extended field office overhead costs were caused by the timing of the Government's directed changes and final technical changes issued on August 31, 2006, which resulted in delayed production and delivery by the supplier, delayed installation by the subcontractor, and delayed overall completion by ACC.

19. By letter to the CO dated January 25, 2007, Appellant submitted a claim pursuant to the Disputes provision of the Contract. The claim demanded additional payment from the Government in the amount of $249,743.52, plus a 108-day time extension. A copy of the claim letter was provided to ACO Sayes.

20. In a letter to ACO Sayes dated February 7, 2007, ACC noted that its direct costs had increased on account of the changed work in the amount of $41,208.81 (that is, $18,208.81 more than allowed by unilateral Mod 14). ACO Sayes had an obligation to forward the claim increase to the CO.

21. By letter to the CO dated April 23, 2007, ACC amended, increased, and recertified the monetary portion of its claim to $267,952.33. Attached to the amended claim was a copy of ACC's letter dated February 7, 2007.

22. As of April 2007, ACC had reached the point, in the progress of the work, that installation of the modified and upgraded security windows could be accomplished. While unpacking the windows, ACC discovered that window clips were missing. Any delay caused by missing clips is not included in the claimed delay.

23. In a letter to ACO Sayes dated May 11, 2007, requested by ACO Sayes and others during a meeting on May 2, 2007, ACC provided additional details concerning portions of its claim. Additional cost information related to the claim was forwarded to ACO Sayes by ACC's letter dated May 23, 2007. ACO Sayes had an obligation to forward this information to the CO.

24. To perform the changed work directed by the Government in Mod 10, Mod 14, and clarifications related to those Contract modifications, ACC incurred additional costs, in addition to the amount allowed by Mod 14, totaling $267,952.33 ($249,743.52 + $18,208.81). Accomplishment of the work caused by the directed changes extended the performance period by 108 days.

**Prayer for Relief**

WHEREFORE, ACC Construction Co., Inc., respectfully requests that this Board find the Government liable in the amount of $267,952.33, plus interest as provided by the Contract Disputes Act of 1978, and a 108-day time extension.

Respectfully submitted this 29th day of August, 2007.

**SMITH, CURRIE & HANCOCK, LLP**

Karl Dix, Jr.
Steven L. Reed

2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303-1227
Ph: (404) 521-3800
Fax: (404) 688-0671

Attorneys for ACC Construction Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 29th day of August, 2007, served a true and accurate copy of the foregoing COMPLAINT upon the following via United States mail, first class postage prepaid and addressed as follows:

Howard Strackbein, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Fort Worth
ATTN: Office of Counsel (CESWF-OC)
P.O. Box 17300
Ft. Worth, TX 76102-0300

Steven L. Reed
Attorney for Appellant
ACC Construction Company

# EXHIBIT A-15

**SMITH, CURRIE & HANCOCK LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

*Reply To:*
Steven L. Reed
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-8020
slreed@smithcurrie.com

October 2, 2007

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

RE: ASBCA No. 56155
Appeal of ACC Construction Company, Inc.
Under Contract No. W9126G-05-C-0006

**COMPLAINT**

COMES NOW the Appellant, ACC CONSTRUCTION CO., INC., by and through the undersigned counsel and files this Complaint in the above-referenced appeal. Appellant hereby alleges the following:

**The Parties and Jurisdiction**

1. On March 8, 2005, Contract No. W9126G-05-C-0006 (the "Contract") was awarded by a contracting officer ("CO") of the U.S. Army Engineer District, Fort Worth, Department of the Army, United States of America (the "Government") to ACC Construction Co. ("ACC"), Appellant before the Board in this appeal. The Contract was for construction of a passenger processing facility and other work located at England Air Park, Alexandria, Louisiana.

2. The Contract was awarded subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq*. The Contract included, among other provisions, the Disputes clause found at 48 C.F.R. (the Federal Acquisition Regulation) § 52.233-1.

3. By letter to the CO dated June 11, 2007, Appellant submitted a claim pursuant to the Disputes provision of the Contract. The claim demanded a 56-day time extension. The claim letter was received by the Government not later than June 15, 2007.

4. As of August 29, 2007, the CO had neither decided the claim nor notified Appellant when it might expect a CO final decision. Appellant deemed the claim denied as of that date.

5. By Appellant's timely Notice of Appeal, an appeal to this Board was taken from the CO's deemed denial. The Board has docketed the appeal as captioned above.

**The Facts**

6. Notice to proceed ("NTP") was received by Appellant on March 29, 2005.

7. The original, unmodified contract performance period was 450 calendar days. The Government administered the contract based on a 360-day performance period for Phase 1 work, which constituted the majority of the work under the contract.

8. The original, unmodified contract completion date was June 22, 2006. Based on the Government's administration of the contract, 360 days after NTP was March 24, 2006.

9. ACC, in its pre-award proposal, anticipated the occurrence of the number of unusually severe weather days set forth in the Contract provision entitled "TIME EXTENSIONS FOR UNUSUALLY SEVERE WEATHER (OCT 1989) (ER [Engineer Regulation] 415-1-15) (52.0001-4038 1/96)," but only for the time period anticipated in the original, unmodified contract performance period.

10. In letters dated December 8, 2006 and February 7 and 16, 2007, ACC took the position that unusually severe weather days that occurred after the original, unmodified contract performance period entitled ACC to a day-for-day time extension because such days were not anticipated at the time of award.

11. By letter dated March 27, 2007, the Government's Administrative CO responded, among other things, that the above-cited contract provision was effective beyond the original, unmodified performance period and, indeed, for an indefinite time period into the future.

12. During the course of performance under the contract, the Government awarded, by modification to the contract, other time extensions. To the extent that the Government and ACC negotiated the terms of any such time extensions, the Government never considered including anticipated adverse weather, that could be expected to occur during the period of such time extension, when determining the appropriate time extension for a modification. To be consistent with the Government's position under this claim, unusually severe weather should have been considered by the Government in estimating the time extensions to be allowed.

13. As of June 11, 2007, the date of ACC's claim letter, a total of 56 unusually severe weather days had occurred after the original, unmodified contract completion date. Therefore, ACC claimed a time extension of 56 days.

14. In accordance with ACC's position and claim, the effect of unusually severe weather days has and will continue from June 11, 2007, until substantial completion, which has not yet been recognized by the Government as of the date of the Complaint.

**Prayer for Relief**

WHEREFORE, ACC Construction Co., Inc., respectfully requests that this Board find the Government liable for a time extension of 56 days plus any additional severe weather days that have or will occur from June 11, 2007 until substantial completion of the work.

Respectfully submitted this 2nd day of October, 2007.

**SMITH, CURRIE & HANCOCK, LLP**

Karl Dix, Jr.
Steven L. Reed

2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303-1227
Ph: (404) 521-3800
Fax: (404) 688-0671

Attorneys for ACC Construction Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 2nd day of October, 2007, served a true and accurate copy of the foregoing COMPLAINT upon the following via United States mail, first class postage prepaid and addressed as follows:

Rex Crosswhite, Esq.
Engineer Trial Attorney
Engineer District, Fort Worth
ATTN: CESWF-OC
Post Office Box 17300
Fort Worth, Texas 76102

Steven L. Reed
Attorney for Appellant
ACC Construction Company