IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACC CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-379C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO CONSOLIDATE AND OPPOSITION
TO PLAINTIFF'S MOTION TO TRANSFER

Pursuant to 41 U.S.C. § 609(d), defendant, the United States, respectfully requests that this Court consolidate this case with companion cases filed by plaintiff, ACC Construction Company, Inc. ("ACC"), before the Armed Services Board of Contract Appeals ("ASBCA" or "board"). Defendant also opposes ACC's motion to transfer this case to the ASBCA. Importantly, consolidation in this Court will prevent ACC from circumventing the 90-day limitation for bringing claims to the ASBCA. Moreover, because this case and the board proceedings arise out of the same contract and involve overlapping factual and legal issues, consolidation of these actions before this Court will result in an efficient allocation of court and party resources. Accordingly, the Court should consolidate the ASBCA actions with this case.

## FACTUAL AND PROCEDURAL HISTORY

On March 8, 2005, ACC was awarded a contract for the construction of a passenger processing facility at England Air Park in Alexandria, Louisiana (the "contract"). On June 16, 2006, the contracting officer denied a claim submitted by ACC in which it argued that the contract provided ACC with an additional 90 days to complete work under the first phase of the contract. ACC did not appeal that claim to the ASBCA. Instead, on June 13, 2007, ACC filed its complaint in this Court asking the Court to interpret the contract to allow ACC an additional 90 days to complete the required work. ACC also seeks the release of retained finds being held by the Government.[1]

ACC has also filed three appeals with the ASBCA: one each on July 12, 2007 (No. 56071), August 29, 2007 (No. 56125), and October 2, 2007 (No. 56155). All three appeals allege delay and seek an extension of the time to perform under the contract, albeit for varying reasons. Plaintiff's Memorandum in Support of Motion to Transfer ("Pl's. Memo"), at 4.

---

[1] ACC never submitted its claim for retained funds to the contracting officer. That portion of its complaint will therefore be the subject of a motion to dismiss.

On October 4, 2007, ACC filed its motion to transfer this case to the ASBCA.

## ARGUMENT

### I. Legal Standard

ACC's appeals to the ASBCA should be transferred to this Court and consolidated with this case. 41 U.S.C. § 609(d) provides:

> If two or more suits arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

41 U.S.C. § 609(d) (2000). Section 609(d) authorizes the Court to transfer and consolidate the cases in this Court. See Joseph Morton Co. v. United States, 757 F.2d 1273, 1280 (Fed. Cir. 1980); see also, Morse Diesel International, Inc. v. United States, 66 Fed. Cl. 801, 804 (2005) (the United States Court of Federal Claims has "broad discretion" in exercising its discretion to transfer and consolidate a suit from an agency board, pursuant to 41 U.S.C. § 609(d)); Glendale Joint Venture v. United States, 13 Cl. Ct. 325 (1987) (consolidating board case with suit pending before

the Court). The Court "possesses broad discretion in exercising its power to consolidate." Joseph Morton, 757 F.2d at 1280. The importance of consolidation was recognized in the legislative history of the Contract Disputes Act:

> It is the intent of the committees that splitting of the causes of action, or suits, under one contract be kept to a minimum.... [I]t is intended that the Court of Claims have the same ultimate authority to consolidate suits that are split between the court and the agency boards.... It is the intent of the section to make available the opportunity to consolidate like suits in one jurisdiction, but this action should weigh the positions of the parties involved.

Id. (quoting S. Rep. No. 1118, 95th Cong. 31, reprinted in 1978 U.S. Code Cong. & Ad. News 5235, 5265).

Section 609(d) identifies three criteria for deciding whether to transfer or consolidate: convenience of parties, convenience of witnesses, and the interests of justice. 41 U.S.C. § 609(d). In determining whether the interests of justice or the convenience of parties or witnesses favors transfer or consolidation, several factors are relevant: (1) whether the disputes before the Court and the board involve the same contract; (2) whether the same or overlapping issues are involved in the matters before

the Court and the board; (3) whether the plaintiff initially chose to appeal its claims before the Court or a board; (4) whether substantial efforts have been expended by one forum, but not by the other; (5) whether transfer will eliminate duplication of efforts by the tribunals and the parties; and (6) whether separate fora could reach inconsistent results. See Morse Diesel, 66 Fed. Cl. at 804.

## II. Transfer Of This Case To The ASBCA Would Enable ACC To Circumvent The 90-Day Limit For Bringing Claims To The ASBCA

A consideration of the foregoing factors supports the transfer and consolidation of ACC's cases in this Court. First and foremost, ACC initially chose to file an action in this Court after the 90-day period for filing an appeal to the ASBCA had expired. Thus, transferring this case to the ASBCA would enable ACC to circumvent the period for bringing claims to the ASBCA.[2] The Contract Disputes Act provides that "[w]ithin ninety days from the date of receipt of a contracting officer's decision under section 605 of this title, the contractor may appeal such decision to an agency

[2] The Government recognizes that there is no absolute prohibition on transferring this case to the ASBCA even though the 90-day period has passed. See Glenn v. United States, 858 F.2d 1577, 1581 (Fed. Cir. 1988) (holding that there is no absolute prohibition on transferring cases to the ASBCA after the 90-day period has expired).

board of contract appeals, as provided in section 607 of this title." 41 U.S.C. § 606. ACC elected not to bring this case before the ASBCA. Now, over one year after the limitations period has expired, it seeks to have this case transferred.

ACC asserts that it did not file its claim with the ASBCA because its senior project manager did not "have a full appreciation for the merits of the first claim." Pl's. Memo at 3. That statement lacks credibility. ACC obviously thought the claim had merit since it submitted the claim to the contracting officer. Moreover, ACC was represented by counsel who was certainly aware of the merits (or lack thereof) of the claim. ACC made a voluntary and intentional decision not to pursue its claim with the ASBCA. It should not now be permitted to avoid the statutory 90-day appeal period by filing a case in this Court and then moving to transfer to the ASBCA. Such a result would subvert the interests of justice.

## III. Transfer Of The ASBCA Cases To The Court Is Proper For The Convenience Of The Parties And Witnesses And Because The Cases Arise From The Same Contract

In addition, there is no dispute that all the cases arise from the same contract and have overlapping issues. According to ACC, "ACC is analyzing the various cause of delay and intends to prove the discrete time

periods of delay, segregating delay periods and causes. The evidentiary presentation for delay will, of necessity, present alternative scenarios that will allow the decision-maker options if certain delays are proved, or not. Combining the phase 1 performance period claim with the other delay claims will facilitate that showing and decision." Pl.'s Memo at 10-11. Moreover, it is not necessary that various complaints be identical in order for it to be appropriate to consolidate the cases. Indeed, Congress declared its preference for consolidation if the claims merely arise from the same contract: "It is the intent of the committees that splitting of the causes of action, or suits, under one contract be kept to a minimum." S.Rep. No. 1118, 95th Cong. 31, reprinted in 1978 U.S. Code Cong. & Ad. News 5235, 5265 (emphasis added); accord Joseph Morton Co., 757 F.2d at 1280.

Transfer and consolidation in this Court will also eliminate duplication of effort. Since there will likely be significant, if not complete, overlap of the witnesses for these cases, the requested consolidation will eliminate the disruption to ACC, the Army Corps of Engineers, and any third-party witnesses that otherwise would occur if they were required to participate in duplicative discovery and case presentation.

Moreover, contrary to ACC's claim in its brief, the cases before the

ASBCA are in their initial stages. With respect to two of the cases, ACC has merely filed its complaint and the Government attorney has entered an appearance. With respect to one of the cases, ACC states that initial disclosures have been exchanged. Accordingly, it cannot be said that "substantial efforts" have been expended by the ASBCA.

Finally, this Court's expertise in handling contract cases such as this weighs in favor of transferring the ASBCA cases. Indeed, the Court of Federal Claims "historically has been the court of greatest expertise in Government contract claims." Oroville-Tonasket Irr. Dist. v. United States, 33 Fed.Cl. 14, 20 n.1 (1995), citing S.Rep. No. 95-1118, 95th Cong., 2d Sess. 10, reprinted in 1978 U.S. Code Cong. & Admin.News, 5235, 5244. Consolidating the cases in this Court would enable both parties to benefit from this Court's experience in handling such cases.

An examination of these factors demonstrates that the Government's request to transfer and consolidate ACC's ASBCA appeals with ACC's case in this Court would serve the interests of justice and the convenience of the parties and the witnesses.[3]

---

[3] ACC's suggests that the chances of settling the case are increased if the case were before the ASBCA. According to ACC, settlement discussions in this Court are "burdened with additional layers of

## CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court grant defendant's motion to consolidate, deny plaintiff's motion to transfer, and consolidate ASBCA Appeal Nos. 56071, 56125, and 56155 with this case.

bureaucracy" and would be hindered because the United States is represented by the Department of Justice. That claim is without merit and, among other things, ignores the fact that the Court has a successful alternative dispute resolution program. Indeed, this case has already been assigned to an ADR Judge.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 305-3087
Fax: (202) 305-1571

November 16, 2007

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on this 16th day of November 2007, a copy of the foregoing "DEFENDANT'S MOTION TO CONSOLIDATE AND OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ L. Misha Preheim