IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACC CONSTRUCTION COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-379C<br>(Judge Baskir) |

**REPLY BRIEF**
**IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE**
**AND**
**IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER**

Pursuant to **41 U.S.C. § 609(d)** and as requested in the Plaintiff's Motion to Transfer, ACC Construction Company, Inc. ("ACC") respectfully requests that this Court direct that this one matter be transferred to the Armed Services Board of Contract Appeals ("ASBCA" or "the Board") to join four other ACC appeals already filed there. ACC opposes the Defendant's Motion to Consolidate and Opposition to Plaintiff's Motion to Transfer ("Motion and Opposition") for the reasons stated in Plaintiff's Motion to Transfer and herein.

# FACTUAL AND PROCEDURAL HISTORY

## I. ACC Actions to Have Its Cases Heard Before the Board

The Defendant's Motion and Opposition fails to refute or even address the fact of ACC's intent, as expressed by ACC's principal, Mr. McKnight, to file additional appeals before the ASBCA (Exhibit A-5, ¶ 7).

## II. Status of ASBCA Cases

The three appeals that had been filed before the ASBCA when Plaintiff's Motion to Transfer was filed, continue to move forward. In addition, ACC took an additional appeal before the ASBCA after the Plaintiff's Motion to Transfer was filed.

### A. ASBCA No. 56071

The pleadings have been filed (Exhibits A-12, A-13). The Government (agency counsel) has made document discovery disclosures as required by ASBCA Rule 4 (Exhibit A-16). ACC served a further request for documents (Exhibit A-17), to which the Government has responded (Exhibit A-18). The Government has served interrogatories and a document discovery request, to which ACC has responded (Exhibit A-19). The Board has initiated the process by which hearing dates and a pre-hearing schedule are set (Exhibit A-20). Each party has responded (Exhibits A-21, A-22).

### B. ASBCA No. 56125

The pleadings have been filed (Exhibits A-14, A-23). Agency counsel has made document discovery disclosures as required by ASBCA Rule 4 (Exhibit A-24).

### C. ASBCA No. 56155

The pleadings have been filed (Exhibits A-15, A-25). Agency counsel has made document discovery disclosures as required by ASBCA Rule 4 (Exhibit A-26). The Board has initiated the process by which hearing dates and a pre-hearing schedule are set (Exhibit A-27).

### D. ASBCA No. 56239

This appeal was docketed after the Plaintiff's Motion to Transfer was filed (Court Document 11, Exhibit A-28). Agency counsel has made an appearance (Exhibit A-29).

## III. Status of Court Case

The Defendant has not filed an answer. Instead, after obtaining a 60-day enlargement to file the answer (Court Document 6), the Defendant submitted, on the 60th day of the enlargement, a Notice of Intent to Proceed by Dispositive Motion (Court Document 12).

We now know, based on footnote 1 of the Defendant's Motion and Opposition here, that the intended dispositive motion is only a partial

motion to dismiss and would not, even if successful, be dispositive of the entire matter. The partial motion to dismiss has not been filed.

The Defendant needed an additional 25 days to respond to Plaintiff's Motion to Transfer (Court Document 13).

The Court's ADR process has been postponed until the Motion to Transfer is resolved (Court Document 15).

The case is effectively in limbo until the Defendant files its partial dispositive motion or the Court orders transfer to the ASBCA (where the Government could file its partial motion to dismiss if it wishes).

Defendant's footnote 1 is misleading from a chronological perspective. At the time of the claim, no funds had been retained in anticipation of liquidated damages. The claim was submitted by ACC to the Government's contracting officer ("CO") in a letter dated October 27, 2005 (Exhibit A-1). The CO denied the claim by her letter dated June 16, 2006. That letter was received by ACC on June 22, 2006. (Exhibit A-4; date stamp in upper right corner) The appeal period to the ASBCA expired on September 20, 2006 (90 days after June 22, 2006). Not until about February 2007, in the Government's response to ACC's Payment Request No. 18, did the Government retain funds in anticipation of liquidated damages.

## ARGUMENT

## IV. Legal Standard

The Defendant's statement of the legal standard agrees with the Plaintiff's Motion. We note that **Morse Diesel International, Inc. v. United States, 66 Fed. Cl. 801, 802 (2005)**, cited by the Government, involved five cases before the Court and one before a Board, the factual opposite of the situation here. In **Glendale Joint Venture v. United States, 13 Cl. Ct. 325, 327 (1987)**, the Court determined that the contractor-Plaintiff there was trying to escape the Court's jurisdiction over a Government-filed counterclaim, characterized by the Court as "forum shopping," a factor that is not present in the case here.

## V. Transfer Is Not Circumvention nor Subversion

### A. Defendant's Position Invites Error

The Defendant's Motion to Consolidate and Opposition to Plaintiff's Motion to Transfer ("Motion and Opposition") characterizes ACC's Motion to Transfer as circumventing the 90-day limitation for bringing claims to the ASBCA and subverting the interests of justice. This is the Defendant's major response to the Motion to Transfer. The Defendant would have the court prohibit a transfer primarily for these reasons. Such a prohibition is not supported by the facts or the law.

To the contrary, ACC suggests that its Motion to Transfer is a fair and common sense request that is consistent with the will of Congress as expressed in **41 U.S.C. § 609(d)** and as applied in court decisions. If the Defendant's characterizations were accepted, Defendant would deny the power of Congress to allow for a transfer under the facts of this case. However, the Defendant recognizes that the statute allows a transfer. The Defendant fails to resolve this discrepancy between its position and the clear language of the statute.

Defendant's position also would deny the Court's authority to transfer this case to the ASBCA under the facts of this case. That position is untenable and is conflicted. Defendant cites, in footnote 2, a decision of the United States Court of Appeals for the Federal Circuit ("Federal Circuit") that holds that there is no prohibition on transferring cases to the ASBCA after the 90-day appeal period to the Board has expired. Yet, Defendant argues for such a prohibition.

In **Glenn v. United States, 13 Cl. Ct. 784, 786 (1987)**, the court denied Glenn's motion to transfer because "[w]hen there has been a failure to appeal the final decision within the 90-day deadline, it would distort the appeal procedure to permit the failure to be cured by an appeal to this court for the express purpose of a transfer to the agency Board." On appeal, the

Federal Circuit explained: "We disagree with the Claims Court's view that a transfer here would "distort the appeal procedure" "erected in the Contract Disputes Act." **Section 609(d)** applies broadly to all suits in the Claims Court and agency Boards. The Claims Court's reasoning would without authority read a 90 day limit into that section - that is, no case could be transferred to and consolidated before the Board (whatever the circumstances) if the contractor had appealed to the Claims Court more than 90 days after receiving notice of the CO's decision. In our view, **section 609(d)** is not so limited, and Glenn's motion to transfer should have been granted." **Glenn v. United States, 858 F.2d 1577, 1581 (Fed. Cir. 1988)**. The Defendant is asking the Court to repeat the error in **Glenn**.

**B. Plaintiff's Request Is Factually and Legally Meritorious**

The Plaintiff's principal has explained how this case came to be before the Court rather than before the Board. The Defendant has not refuted that explanation. Rather, the Defendant has ignored the explanation.

Unlike **Glendale Joint Venture, *supra***, where a contractor-Plaintiff had an ulterior or non-meritorious motive for escaping the Court's jurisdiction, the Plaintiff here has an unrefuted, meritorious, common sense

basis for asking for the transfer. ACC has determined that it would prefer to have all its claims decided by the Board. It is a simple as that.

The Defendant has no factual defense other than to suggest, with no evidentiary support, that ACC's principal's statement "lacks credibility" (Motion and Opposition at 6). The Defendant supposes, without factual support, that ACC's principal, Mr. McKnight, had a full appreciation of the claim here as it related to other, later potential claims. The Defendant quotes a part of Mr. McKnight's affidavit, wherein Mr. McKnight states under oath, that he did not "have a full appreciation for the merits of the first claim" (Exhibit A-5, ¶ 5). Counsel's supposition is not a refutation and the supposition is based on an unfair and incomplete quotation from the affidavit.

A fair and complete reading of Mr. McKnight's affidavit (Exhibit A-5, ¶ 5), supports the Plaintiff's Motion to Transfer and refutes the Defendant's supposition. Mr. McKnight's unrefuted sworn testimony in the affidavit states: "At that time [when the "first decision by the CO on a claim submitted by ACC was not appealed to" the Board during June-September 2006], I did not yet have a full appreciation for the merits of the first claim. Further, I did not yet have a complete understanding of how that claim might relate to other claims under the contract, in particular, the delay and

time extension claims under the contract. I did not envision the number and scope of other potential claims under the contract. Some of the claim events had not yet occurred at that time."

## VI. Transfer to the ASBCA is Proper for the Convenience of the Parties and Witnesses, Because the Claims Arise Under the Same Contract, and Because the Cases There Are Moving Forward

Concerning the efforts expended before the Board and the progress of the cases there, the facts recited above show that the Defendant's assertions are outdated. Accordingly, the Defendant's conclusion is unsupported.

### A. ASBCA Cases

The cases before the Board are moving forward beyond the initial stages. Another, fourth appeal has been filed before the Board.

### B. The Court's Case

The case before the Court has made little progress on account of the Defendant's actions.

### C. Court v. Board Is Not the Real Issue

The Plaintiff merely seeks to have its cases heard before the ASBCA and believes that the cases before the Board are progressing. ACC's positive request is distinct from a negative motive to not have the Court hear the cases. The Defendant is arguing a minor point (Court v. Board)

because it has no substantial defense to the Plaintiff's major point (*i.e.*, that ACC has a meritorious reason for asking for the transfer).

In furtherance of its attempt to somehow force Plaintiff's Motion to Transfer into a "pigeonhole" of "Court v. ASBCA," the Defendant cites footnote 1 of **Oroville-Tonasket Irr. Dist. v. United States, 33 Fed. Cl. 14, 20 (1995)**. The proposition stated by the Defendant is that the Court's expertise outweighs that of the ASBCA.

ACC has no interest in debating that point. The Defendant's statement of the issue is an attempt to reframe the debate along lines not argued by the Plaintiff. The cited case does not stand for the proposition stated by the Defendant. The cited footnote is a historical reference to the decision of Congress, in enacting the Contract Disputes Act, not to adopt a recommendation for parallel jurisdiction over contract claims in the United States Claims Court and United States District Courts. The choice made by Congress, in that instance, was between and among the courts. It had nothing to do with the Boards of contract appeals. The **Oroville-Tonasket** decision is inapposite.

## CONCLUSION

We contend that ACC's choice of the ASBCA for all but this case should be entitled to more respect than the Defendant would allow. Please

refer to Part VI.B.1 of the Plaintiff's Motion to Transfer, at 9. We respectfully request that the Court transfer this case to the ASBCA for the reasons stated in the Motion to Transfer and deny the Defendant's Motion to Consolidate.

DATED the 4th day of December, 2007.

By: /s/ Karl F. Dix
Karl Frederick Dix
(404) 582-8038 Telephone
(404) 688-0671 Facsimile

By: /s/ Steven L. Reed
Steven L. Reed
(404) 582-8020 Telephone
(404) 688-0671 Facsimile

**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, GA 30303-1227
(404) 521-3800 Telephone
(404) 688-0671 Facsimile

## CERTIFICATE OF FILING

I hereby certify that on the 4th day of December, 2007, a copy of the foregoing Reply Brief in Opposition to Defendant's Motion to Consolidate and In Further Support of Plaintiff's Motion to Transfer with attachments was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Karl F. Dix
Karl Frederick Dix
404/582-8038 – Telephone
404/688-0671 – Fax

**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404)521-3800 (Telephone)
(404)688-0671 - Fax

296524_1.DOC