# EXHIBIT A-16

 Rec'd 7/16/0

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

July 12, 2007

Office of Counsel

SUBJECT: ASBCA No. 56071, Appeal of ACC Construction Co.
Contract No. W9126G-05-C-0006; England Air Park, Alexandria, Louisiana

Steven L. Reed, Esq.
Karl Dix, Jr. Esq.
Smith, Currie, & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, Georgia 30303-1227

Dear Messrs. Reed and Dix:

Pursuant to Rule 4 of the Armed Services Board of Contract Appeals, enclosed please find a copy of the United States Corps of Engineer's (USACE) indexed appeal assembly pertaining to the above-referenced subject. A copy of the Rule 4 assembly was also sent to the Armed Services Board of Contract Appeals (ASBCA).

Should you desire to furnish additional documents, according to ASBCA rules, you must submit the additional documents to the ASBCA within 30 days upon your receipt of the USACE's index. Additionally, a copy of any additional documents must be furnished to the USACE.

The Engineer Trial Attorney assigned to this appeal is Howard E. Strackbein. He may be reached at the U.S. Army Corps of Engineers, Fort Worth District, Post Office Box 17300, Fort Worth, Texas 76102-0300, telephone no. (817) 886-1151.

Sincerely,

Lloyd R. Crosswhite
District Counsel

Enclosure: as stated above

# EXHIBIT A-17

DUPLICATE

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| ACC CONSTRUCTION CO., INC.<br><br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br><br>Respondent. | ) | ASBCA No. 56071 |

**APPELLANT'S FIRST REQUEST TO RESPONDENT FOR PRODUCTION OF DOCUMENTS**

COMES NOW Appellant ACC Construction Co., Inc. (hereinafter "ACC" or "Appellant"), and files this First Request for Production of Documents pursuant to Rule 15 of the Rules of the Armed Services Board of Contract Appeals promulgated under the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.*

In accordance with ASBCA Rule 15, Appellant requests that the Respondent produce the documents described herein for inspection and copying by Appellant's counsel, not later than 45 days from the service of this request, at the offices of Appellant's counsel, Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Avenue, N.E., Atlanta, GA 30303, or at such other time and place as may be mutually agreed to by counsel.

This Request for Production of Documents is intended to cover all documents in the possession, custody or control of the Respondent as that term is defined in Paragraph (A) of the Definitions and Instructions section which follows immediately below. The requested documents are in the possession, custody or control of Respondent and/or its attorneys, agents and/or employees, are not privileged and are

relevant to the subject matter of this action and/or are reasonably calculated to lead to the discovery of admissible evidence in this action.

## DEFINITIONS AND INSTRUCTION

A. The term "Respondent" shall mean and refer to the Department of Defense, the Department of the Army, the U.S. Army Corps of Engineers, the U.S. Army Engineer Division, Southwestern, the U.S. Army Engineer District, Fort Worth and Respondent's departments, agencies, employees, officers, agents, representatives, and/or any other persons acting on its behalf.

B. "Document" as used herein means anything that is in written form or that is a tangible recording of speech, sounds, pictures, words, numbers or symbols, however produced or reproduced, including the originals or any copies when originals are not available, and any other non-identical copies, whether different from the originals because of notes made on such copies or because of indications that said copies were sent to different individuals than the original or because of any other reason, including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, e-mails, memoranda, interoffice memoranda, notes, reports, compilations, computer printouts, computer disks, computer back-up media, minutes or records of meetings, invoices, financial statements, financial calculations, diaries, job diaries, reports of telephone or other conversations, desk calendars, appointment books, photographs, videotapes, films, motion pictures, tape recordings and all other writings and recordings of any kind, electronic and hardcopy, which are in your actual or constructive possession, custody or control.

C. "Communication" as used herein shall mean and refer to both written and verbal exchanges between any person or persons or entities, including but not limited to

verbal conversations, telephone calls, letters, memoranda, reports, telegraphs, mail-grams, facsimiles, e-mail, exhibits, drawings and any other documents as earlier defined which confirm, constitute or relate to the communications.

D. The terms "you," "your" and "Respondent" when used herein shall be deemed to refer to the above-named Government entities and organizations and also to each of its present or former employees, agents, affiliated entities and any other person and/or entity acting on the Respondent's behalf, including but not limited to entities under contract to the Respondent.

E. The term "ACC" or "Appellant" when used herein shall be deemed to refer to ACC Construction Co., Inc., a Georgia corporation, and also to each of its present or former officers, members, employees, agents, affiliated entities, and any other person and/or entity acting on ACC's behalf.

F. The terms "Project" and "Contract" as used herein refer to Contract No. W9126G-05-C-0006 and the work required under that Contract, which is at issue in this appeal, for construction of a passenger processing facility and other work located at England Air Park, Alexandria, Louisiana.

G. The term, "DCAA" when used herein shall be deemed to refer to the Defense Contract Audit Agency ("DCAA") and also to each of its present or former officers, members, employees, agents, affiliated entities, and any other person and/or entity acting on DCAA's behalf.

H. The terms, "DCAA Audit" and "DCAA Audit Report" as used herein shall refer to any audit undertaken by the DCAA in connection with the Contract or the Project.

I. The terms "referring to," "relating to" and "in connection with" when used herein shall be deemed to mean consisting of, summarizing, or describing in any way.

J. The term "any" should be understood to include and encompass "all;" "all" should be understood to include and encompass "any;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

K. If any document is withheld under claim of privilege, the privilege invoked shall be stated and each document shall be identified with the specificity required for a Motion to Compel:

(1) Specifically state the grounds and authority upon which you rely in withholding production; and

(2) Provide for each document a statement which sets forth:

(a) the identity of the author thereof, the parties thereto, and any person who helped in its preparation;

(b) the title or other identifying data;

(c) the date of the document or, if no date appears thereon, the approximate date;

(d) the subject matter of the document; and

(e) the persons who received the document or a copy thereof.

L. If any documents(s) encompassed by the description(s) of documents requested herein was/were formerly in the possession, custody, or control of the Respondent but has/have been lost or destroyed, Appellant requests that the Respondent furnish, as a part of its response hereto and separately as to each such document, the following information:

(1) Author(s);

(2) Date prepared or transmitted;

(3) Subject matter;

(4) Addressee(s);

(5) Recipient(s);

(6) Whether the document was lost or was destroyed;

(7) If lost, the most recent date upon which the Respondent knows or believes that the document was in the possession, custody, or control of the Respondent; and

(8) If destroyed, the date upon which the document was destroyed, the person(s) causing or performing such destruction, and the reasons(s) for such destruction.

M. To the extent permitted by law, this document request is continuing in nature.

N. The Respondent's responses should be modified or supplemented after each and every event which makes any response hereto inaccurate, incomplete or misleading. If the Respondent is unwilling or unable to supplement or modify these responses, please notify the undersigned in writing and explain the reason(s) for this non-compliance.

**DOCUMENTS TO BE PRODUCED**

1. Please produce all pile driving logs and daily quality assurance or other reports that refer to or were produced in connection with pile driving, pilings, and pile caps.

2. Please produce a full size version of the annotated drawing found in the Board Rule 4 appeal file (hereinafter "R4"), Tab 15, page No. 00137.

3. Please produce any DCAA Audit Report, including all drafts, work papers, entrance or exit briefings and all other supporting documentation, including but not limited to communications with the Respondent concerning such audit report(s).

4. Please produce any Government pre-award estimate(s) of cost or time for performance.

5. Please produce all requests for information in connection with pile driving, pilings, and placement of pile caps.

6. Please produce the pre-construction minutes and minutes of any preparatory and other meetings related to pile driving, pilings, placement of pile caps, and work under specifications sections 02456 and 03300 including but not limited to meetings internal to the Respondent, meetings with ACC, and meetings with others.

7. Please produce any design comments in connection with design of pile driving, pilings, and pile caps including but not limited to the drafting of Contract specifications sections 02456 and 03300 and any Contract drawings that show, indicate, or refer to pile driving, pilings, and pile caps.

8. Please produce all photographs that depict pile driving, pilings, and pile caps.

9. Please produce any and all correspondence that was exchanged by Respondent and Appellant concerning the Contract.

10. Please produce any schedule analysis performed by or on behalf of Respondent in connection with the Contract or Project.

11. Please produce any notes or diary entries by Mr. Andrew N. Tarver concerning pile driving, pilings, and pile caps on this Project or in connection with Mr. Tarver's Affidavit dated April 4, 2007, including draft versions of the Affidavit.

12. Please produce any notes, diary entries, photographs, sketches, and annotated drawings by Ms. Anita Branch concerning pile driving, pilings, and pile caps on this Project or in connection with Ms. Branch's Trip Report dated November 4, 2005, including draft versions of the Trip Report.

13. Please produce a full color duplicate original or copy of R4, Tab 28.

14. Please produce a full color, full size version of the drawing which is included in R4, Tab 28, page 2 (Bates No. 00185).

15. Please produce any notes, design comments, diary entries, or other documents produced by Mr. Ken McCleskey in connection with pile driving, pilings, or pile caps on this Project.

16. Please produce any notes or diary entries by Ms. Anita Branch concerning her Affidavit dated March 30, 2007, including draft versions of the Affidavit.

17. Please produce any documents that reflect any concern by Respondent with pile driving, pilings, pile placement, pile deficiencies, pile rejection, or pile acceptance.

18. Please produce any documents which address "excessive pile spalling during cutoff" as stated in the Contracting officer's decision dated March 30, 2007, at page 5, paragraph 16.

19. Please produce any Government e-mail messages, quality assurance reports, daily reports, trip reports, diary entries, memoranda of site visits, or other

contemporaneous reports which concern pile driving, pilings, and pile caps on the Project.

20. Please produce any documents which address any investigation or evaluation of the claim or which were used or referred to by the Contracting Officer in making the final decision dated March 30, 2007.

21. Please produce all submittals and shop drawings for pile driving, pilings, and pile caps.

22. Please produce all payment requests and supporting documentation under the Contract.

23. Please produce all modifications to the Contract along with any supporting documents.

Respectfully submitted this 16th day of August, 2007.

Karl Dix, Jr.
Steven L. Reed

ATTORNEYS FOR APPELLANT
ACC CONSTRUCTION CO., INC.

**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303-1227
404-521-3800
404-688-0671 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of August, 2007, served a true and accurate copy of the foregoing **APPELLANT'S FIRST REQUEST TO RESPONDENT FOR PRODUCTION OF DOCUMENTS** upon the following via United States mail, first class postage prepaid and addressed as follows:

Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
Department of the Army
Headquarters, U.S. Army Corps of Engineers
441 G Street NW
Washington, D.C. 20314-1000

Rex Crosswhite, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Fort Worth
ATTN: CESWF-OC
P.O. Box 17300
Fort Worth, TX 76102-0300

Howard Strackbein, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Fort Worth
ATTN: CESWF-OC
P.O. Box 17300
Fort Worth, TX 76102-0300

ATTORNEYS FOR APPELLANT
ACC CONSTRUCTION CO., INC.

# EXHIBIT A-18

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

REPLY TO
ATTENTION OF

10-3-07
ORIGINAL FILED:
COPIES SENT TO:
COPY ROUTED TO:

October 2, 2007

Office of Counsel

SUBJECT: ASBCA No. 56071, Appeal of ACC Construction, Inc., Contract No. W9126G-05-C-0006

Mr. Steven Reed
Smith, Currie, & Hancock LLP
Attorneys at Law
2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227

Dear Mr. Reed:

Enclosed please find Respondent's Response to Appellant's First Request for Production of Documents.

If you have any questions regarding this matter feel free to contact the undersigned at (817) 886-1151.

Sincerely,

Howard Strackbein

Howard E. Strackbein
Engineer Trial Attorney

Enclosure

BEFORE THE
ARMED SERVICES BOARD OF CONTRACT APPEALS
Falls Church, Virginia

| | | |
|---|---|---|
| Appeal of | § | |
| | § | |
| ACC Construction, Inc. | § | ASBCA No. 56071 |
| | § | |
| Contract No. W9126G-05-C-0006 | § | |

RESPONDENT'S RESPONSE TO APPELLANT'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Regarding Appellant's Request for Production of Documents dated 16 August 2007, Respondent will make the requested documents available for inspection and copying of documents (except for privileged items) in the Fort Worth District Corps of Engineers Office at 819 Taylor Street, Fort Worth, Texas at a mutually agreed time.

HOWARD E. STRACKBEIN
Engineer Trial Attorney