# EXHIBIT A-19

SMITH, CURRIE & HANCOCK LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

Reply To:
STEVEN L. REED
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-8020
slreed@smithcurrie.com

October 26, 2007

Howard E. Strackbein, Esq.
Engineer Trial Attorney
Department of the Army
Fort Worth District, Corps of Engineers
P. O. Box 17300
Fort Worth, Texas 76102-0300

**Re: ASBCA No. 56071**
**Appeal of ACC Construction Co., Inc.**
**Under Contract No. W9126G-05-C-0006**

**APPELLANT'S RESPONSES TO**
**RESPONDENT'S FIRST INTERROGATORIES**
**AND**
**RESPONDENT'S FIRST DOCUMENT PRODUCTION REQUESTS**

COMES NOW Appellant, ACC Construction Co., Inc., P.O. Box 211900, Augusta, GA 30917 ("ACC") and, pursuant to Rule 15 of the Armed Services Board of Contract Appeals, responds to Respondent's ("the Government's") First Interrogatories and First Document Production Requests as follows:

**Objections**

Appellant objects to the Government's interrogatories, the included definitions and instructions, and document production requests to the extent that privileged information is requested. The only privileged information of which Appellant is presently aware, and which may have been withheld in responding to the interrogatories and document production requests,

is information exchanged between Appellant and counsel, which is protected by the attorney-client privilege, and information prepared by or for counsel as work product, which is protected by the work product privilege. Appellant is not aware of any privileged information that has specifically been withheld from the responses that follow below.

Concerning Interrogatory No. 18, ACC objects to identifying "all persons who were responsible, at any time and in any manner, to supervise, implement, administer, and/or monitor ACC's performance of the [entire] contract." Identifying all persons who were responsible, at any time and in any manner, to supervise, implement, administer, and/or monitor ACC's performance of the contract, to the extent not relevant to the appeal, will neither lead to information that is admissible in the appeal or to information that is reasonably calculated to lead to the discovery of admissible evidence in this appeal. Accordingly, Appellant has limited its response to persons who were responsible, at any time and in any manner, to supervise, implement, administer, and/or monitor ACC's performance of work under the contract that concerns the claim and appeal.

Concerning Interrogatory No. 26, ACC objects to identifying "consultants, experts, and/or individuals persons with whom Appellant has arranged to review any facts of [sic -- or?] documents related to appellant's performance of, or claims regarding, Contract No. W9126G-05-C-0006, and/or who provided opinions, advice, or consulting services relating to [all] your claims or this [entire] project." Identifying persons who provided such services for matters not addressed by the claim that gave rise to the subject appeal is not relevant to the appeal and will neither lead to information that is admissible in the appeal or to information that is reasonably

calculated to lead to the discovery of admissible evidence in this appeal. Accordingly, Appellant has limited its response to consultants, experts, and/or individuals persons with whom Appellant has arranged to review any facts or documents related to the claim under the subject appeal and performance of the contract related to that claim, and/or who provided opinions, advice, or consulting services relating to this claim.

**Responses to Interrogatories**

1.

Interrogatory: In paragraph 11 of your Complaint, you contend that "ACC submitted its proposal in reliance on the Government's design." Please identify each and every instance, fact, occasion or example upon which you rely to support this statement.

Response: ACC relied, for its proposal, on Government-issued Solicitation No. W912G-05-R-0001, dated October 28, 2004, and all amendments to that solicitation ("the solicitation"). The solicitation and ACC's proposal, as revised ("ACC's proposal"), were the bases for Contract No. W9126G-05-C-0006 ("the contract"). The solicitation was wholly drafted by or for the Government, not by ACC. ACC relied on the Government to describe and show its design of the project by the terms, specifications, and drawings that were included in the solicitation.

2.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response:

(a) Mason McKnight, III, 706-868-1037, John Engler, 706-868-1037, ACC.

(b) Please refer to the solicitation, ACC's proposal, and ACC's working papers prepared while developing ACC's proposal. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

(c) ACC is aware of no such "things."

(d) All documents and persons identified in response to Interrogatory Nos. 1 and 2.

3.

Interrogatory: In paragraph 12 of your Complaint, you state that "After award of the contract, ACC placed the piles in accordance with the Government's design, including tolerances allowed by the Contract specifications and drawings. The Government agreed that the pilings were placed within the specified tolerance and paid, without reduction, for the placement of all piles. No pile withdrawals were directed and no payment was made for pile withdrawals."

(a) Please identify each and every instance, fact, occasion or example upon which you reply [sic - rely?] to support this statement.

(b) Please explain, in detail, your understanding or interpretation of the tolerances as allowed by the contract documents.

Response:

(a) ACC has made no "reply" to the assertions set out in paragraph 12 of ACC's Complaint. ACC presumes that the word "rely" was intended by the Government instead of "reply." If that is correct, then the following response is applicable: See response to Interrogatory No. 1. Representatives of ACC and the Government measured ACC's pile placement performance against the terms of the contract, as modified at the time of performance of the relevant work. Specification Section 02456, "PRESTRESSED CONCRETE PILES," paragraphs 3.1.2 and 3.1.3, and contract drawing S-303, note No. 8, allow for deviations within specified tolerances. Matters related to the tolerances were clarified during the preparatory inspection for piling placement and related discussions on August 25, 2005. Those discussions were conducted among ACC, subcontractor, and Government representatives, including but not limited to statements made by the Government's technical representative, Anita Branch, in response to questions by ACC subcontractor representatives. ACC is aware of no evidence that would indicate that the Government rejected any piling placement work at any time or that the Government objected to any such work, with the exception of some

cracking and spalling. To the contrary, contract Modification No. P00005, signed and dated on June 7, 2006, by the Government's Administrative Contracting Officer ("ACO"), Warren Sayes, indicates acceptance for payment of placed pilings, measured for payment, and no pile withdrawals. Submittals were prepared by or for ACC to provide shop drawings in connection with pile driving, to document design data, test reports, and certificates in connection with the pilings, and to document test piles and load tests. An explanation was provided by ACC letter No. H207, which was addressed to Contracting Officer ("CO") Lavette Buford, dated February 1, 2007.

(b) The contract specifies and/or shows certain dimensions related to pilings and pile caps. Those dimensions and all other applicable contract provisions must be read together and harmonized with the tolerances allowed in the contract provisions. Any deviation, as allowed by the tolerances, has the potential for causing a divergence from the dimensions related to pilings and pile caps. The tolerances specified and/or shown in the contract are a reflection of the reality of pile driving work. Once pilings are properly positioned and correctly driven into the earth, variable underground conditions can impact piling placement, causing pilings to rotate, to move from vertical or from a specified angle, and/or to shift laterally.

4.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the maters [sic] identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response:

(a) Mason McKnight, III; Will McKnight, 706-868-1037, Wayne Cox, 706-799-7605; and Jimmy Rollins, 318-448-3719, ACC; Jared Nelson, current address and telephone number unknown; Harold Baur, III, Boh Bros. Construction Co., L.L.C., P.O. Drawer 53266, New Orleans, LA 70153 ("Boh Bros."), 504-827-7640; Bobby Sherman, current address and telephone number unknown; Joseph Davis, current address and telephone number unknown; Mike Branim, Maxim Technologies, P.O. Box 19220, Shreveport, LA 71149-0220, 318-636-3673; Anita Branch; current address and telephone number unknown; Andy Tarver, U.S. Army Engineer District, Fort Worth, Eastern Area Office, P.O. Drawer 3919, Fort Polk, LA 71459, 337-397-6445; Joe Greaves, current address and telephone number unknown.

(b) See responses to Interrogatory Nos. 1 through 3. Please refer to the contract, as modified; meeting minutes related to contract Specification Section 02456, dated August 26, 2005; documents previously filed in Board Rule 4 Appeal File ("R4"), tabs 25, 26, 28, and 29; Submittal Nos. 02456-1.3, 20456-2, 02456-2.1, 02456-3.1, 02456-4, 02456-5, and 02456-6. Rather than attempt to identify these

documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

(c) Tape recording (transferred to a CD) of meeting conducted on August 25, 2005;

(d) All persons, documents, and things previously identified in responses to Interrogatory Nos. 3 and 4.

5.

Interrogatory: In paragraph 13, you contend that "ACC fabricated the reinforcing steel ("rebar") "cages" and forms in anticipation of the further placement of piles and pile caps. The rebar and forms were fabricated by ACC to the dimensions specified in the Contract as designed by the Government."

Please identify each and every instance, fact, occasion or example upon which you rely to support this statement.

Response: ACC presumes that the reference to "paragraph 13," in Interrogatory No. 5, concerns ACC's Complaint under the subject appeal. If that is correct, the following response is applicable: See response to interrogatory No. 1. ACC and/or subcontractor personnel fabricated the relevant "cages" and forms in accordance with the contract, as further shown and described in shop drawings R-1 through R-11, prepared for ACC by Lulich Steel Corp. and other relevant submittals under contract Specification Sections 02456, 03200, and 03300. Photographs show the work in progress. Daily reports describe the work in progress. Mason McKnight, III, Will

McKnight, Wayne Cox, Jimmy Rollins, Jared Nelson, and Bill Wheeler, ACC, 706-838-1037, can attest to the progress of the work. Explanations were provided by ACC letters dated February 10 and May 5, 2006, and February 1, 2007 (R4, tabs 18, 20, and 25).

6.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response:

(a) See responses to Interrogatory Nos. 1, 2, and 5.

(b) See response to Interrogatory Nos. 1, 2, and 5. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

(c) ACC is aware of no such "things."

d) See response to interrogatory Nos. 1 through 5.

7.

Interrogatory: In paragraph 14 of your Complaint, you contend that "All rebar and forms to be placed as component parts of the pile caps were placed in accordance with Contract specifications and drawings as designed by the Government."

Please identify each and every instance, fact, occasion or example upon which you reply [sic – rely?] to support this statement.

Response: ACC presumes that the word "reply" in the last sentence of Interrogatory No. 7 was intended to be "rely." If that is correct, the following response is applicable: See responses to Interrogatory Nos. 1, 3, and 5. ACC placed all rebar and forms in accordance with the contract.

8.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response:

(a) See responses to Interrogatory Nos. 1 through 7.

(b) See responses to Interrogatory Nos. 1 through 7. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

(c) ACC is aware of no such "things."

(d) See responses to Interrogatory Nos. 1 through 7.

9.

Interrogatory: In paragraph 15 of your Complaint, you contend that "When the correctly fabricated pile caps were placed atop pilings that had been driven properly, all in accordance with the Contract specifications and drawings, including tolerances allowed by the Contract drawings and specifications, the pile caps did not meet the minimum 13-inch pile cap coverage that was specified in the Contract."

Please identify each and every instance, fact, occasion or example upon which you rely to support this statement.

Response: See responses to Interrogatory Nos. 3 through 8.

10.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;.

(c) all things, except for witnesses or documents, which establish, or tend to establish the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response: See responses to Interrogatory Nos. 3 through 8.

11.

Interrogatory: In paragraph 16 of your Compliant [sic – Complaint?], you contend that "When the Government's piling and pile caps design, as properly placed by ACC, did not meet the Government's 13-inch pile cap coverage, the Government directed ACC to modify the pile cap size and rebar configuration such that the 13-inch pile cap coverage would be attained. The rebar cage was also increased to meet the minimum requirement for concrete coverage between rebar and earth surrounding the pile caps concrete."

Please identify each and every instance, fact, occasion, or example upon which you rely to support this statement.

Response: We are uncertain of the meaning of the Government's use of the term "Compliant." We presume that "Complaint" was intended instead of "Compliant." If that is correct, the following response is applicable: See responses to Interrogatory Nos. 3 through 8. On or before January 26, 2006, ACC was directed by Andy Tarver, presumably acting on the

authority of ACO Sayes, to increase the size of certain pile caps. See R4, tab 17, first three pages. This directive was reported to authorized Government representatives in ACC's daily reports dated January 26 and 30, and February 15, 2006, and by an ACC letter dated February 10, 2006 (R4, tab 18). The directive was acknowledged in writing by ACO Sayes (R4, tab 19). Change orders, invoices, and reports related to additional concrete, reinforcement, and labor, document the additional materials and labor costs that were required by the directive. See R4, tab 17, second page. Photographs and daily reports document the progress of the work. ACC personnel identified in response to Interrogatory No. 5 can attest to the progress of the work. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

12.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response:

(a) See responses to Interrogatory Nos. 3 through 8 and 11.

(b) See responses to Interrogatory Nos. 3 through 8 and 11.

(c) ACC is aware of no such "things."

(d) See responses to Interrogatory Nos. 3 through 8 and 11.

13.

Interrogatory: In paragraph 17 of your Complaint, you contend that "ACC complied with the Government directive."

Please identify each and every instance, fact, occasion or example upon which you rely to support this statement.

Response: See response to Interrogatory No. 11.

14.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response: See responses to Interrogatory Nos. 11 and 12.

15.

Interrogatory: In paragraph 18 of your Complaint, you contend that "ACC incurred additional costs totaling $33,198.99, to comply with the Government's directives. Accomplishment of the extra work extended the performance period by 14 days."

Please identify each and every instance, fact, occasion or example upon which you rely to support this statement.

Response: See response to Interrogatory No. 11. For additional information, refer to ACC's letter dated February 1, 2007 (R4, tab 25).

16.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response: See responses to Interrogatory Nos. 11 and 15, and ACC schedules and schedule updates. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and

copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

17.

Interrogatory: Identify all persons known to Appellant who possess any information upon which Respondent may rely in litigating the claims set forth in their Complaint, and fully describe:

(a) each such person's name, job title, supervisor, and employer during the performance of the contract;

(b) the dates during which each such person was involved with the contract;

(c) the nature of the information which each such person possesses regarding the contract;

(d) each such person's current employer, address, and telephone number.

Response:

(a) Mason McKnight, III, Senior Project Manager and President, employed by ACC,

(b) involved with the contract from award on March 8, 2005, to the present,

(c) knowledgeable concerning all matters related to award of the contract, costs included in the contract price, and contract performance relevant to the appeal,

(d) currently employed by ACC, telephone number provided above.

(a) John Engler, Estimator, supervised by Mason McKnight, III, employed by ACC,

(b) involved with contract award on March 8, 2005,

(c) knowledgeable concerning contract award and costs included in the contract price,

(d) same as Mason McKnight, III.

(a) Will McKnight, Project Manager, employed by ACC,

(b) involved with the contract from award on March 8, 2005, to on or about December 2006,

(c) knowledgeable concerning all matters of contract performance relevant to the appeal during the time of his involvement with the project,

(d) currently employed by ACC, telephone number provided above.

(a) Lavette Buford, CO, supervisor unknown, employed by the United States of America,

(b) involved with the contract from an unknown date to the present,

(c) unknown,

(d) currently employed by the United States of America, U.S. Army Engineer District, Fort Worth, P.O. Box 17300, Fort Worth, TX 76102-0300.

(a) Wayne Cox, General Superintendent, supervised by Mason McKnight, III, employed by ACC,

(b) involved with the contract from notice to proceed until the present,

(c) knowledgeable concerning all matters of contract performance at the site relevant to the appeal,

(d) currently employed by ACC, telephone number provided above.

(a) Jimmy Rollins, Superintendent, supervised by Mason McKnight, III, employed by ACC,

(b) involved with the contract from notice to proceed until the present,

(c) knowledgeable concerning all matters of contract performance at the site relevant to the appeal,

(d) currently employed by ACC, telephone number provided above.

(a) Jared Nelson, ACC Contractor Quality Control representative, supervised by Wayne Cox, previously employed by ACC,

(b) involved with the contract from notice to proceed until Summer 2006,

(c) knowledgeable concerning all matters of contract performance at the site relevant to the appeal during time of employment by ACC,

(d) current employer, address, and telephone number unknown.

(a) Harold Baur, III, Boh Bros., Project Engineer, believed to be supervised by Dale Biggers, employed by Boh Bros.,

(b) involved with the contract during all phases of pile driving work,

(c) knowledgeable concerning all matters of contract performance concerning pile driving relevant to the appeal,

(d) currently employed by Boh Bros., telephone number provided above.

(a) Bobby Sherman, Boh Bros., Superintendent, supervisor unknown, previously employed by Boh Bros.,

(b) involved with the contract during all phases of pile driving work,

(c) knowledgeable concerning all matters of contract performance concerning pile driving relevant to the appeal,

(d) current employer, address, and telephone number unknown

(a) Joseph Davis, Boh Bros., pile driver operator, supervised by Bobby Sherman, employed by Boh Bros.,

(b) involved with the contract during all phases of pile driving work,

(c) knowledgeable concerning all matters of contract performance relevant to the appeal concerning pile driving,

(d) current employer, address, and telephone number unknown

(a) Mike Branim, Maxim Technologies QC testing technician, supervisor unknown, employed by Maxim Technologies,

(b) involved with the contract during all phases of work relevant to the appeal,

(c) knowledgeable concerning all matters of concrete quality control testing relevant to the appeal,

d) currently employed by Maxim Technologies, address and telephone number provided above.

(a) Anita Branch; civil engineer, supervisor unknown, employed by the United States of America,

(b) involved with the contract during pile driving work,

(c) unknown, but see R4, tabs 28 and 29,

(d) current employer, address, and telephone number unknown

(a) Andy Tarver; project engineer, believed to be supervised by ACO Sayes, employed by the United States of America,

(b) involved with the contract from an unknown date to the present,

(c) unknown, but see R4, tab 26,

(d) currently employed by the United States of America, address and telephone number provided above.

(a) Joe Greaves, quality assurance representative, supervisor unknown, employed by the United States of America,

(b) involved with the contract from an unknown date to an unknown date,

(c) knowledgeable concerning all matters of quality assurance relevant to the appeal,

(d) current employer, address, and telephone number unknown,

(a) Bill Wheeler, Project Manager, supervised by Mason McKnight, employed by ACC,

(b) involved with the contract from on or about November 2005, to the present,

(c) knowledgeable concerning all matters of contract performance relevant to the appeal during the time of his involvement with the project,

(d) currently employed by ACC, same address and telephone number as Mason McKnight

18.

Interrogatory: Identify all persons who were responsible, at any time and in any manner, to supervise, implement, administer, and/or monitor ACC's performance of the contract, and fully describe:

(a) each such person's name, job title, supervisor, and employer during the performance of the contract;

(b) the dates during which each such person was involved with the contract;

(c) the nature of the information which each such person possesses regarding the contract;

(d) each such person's current employer, address, and telephone number.

Response: ACC's response to this interrogatory is limited to persons who were responsible, at any time and in any manner, to supervise, implement, administer, and/or monitor ACC's performance of the contract performance to the extent relevant to the appeal. Those persons are Mason McKnight, III, Lavette Buford, Wayne Cox, Jimmy Rollins, Jared Nelson, Harold Baur, III, Bobby Sherman, Mike Branim, Anita Branch, Andy Tarver, Joe Greaves, Bill Wheeler, and ACO Sayes, supervisor unknown, employed by the United States of America, involved with the contract from an unknown date to the present, knowledgeable concerning all aspects of contract performance relevant to the appeal, and currently employed by the United States of America, same address as Andy Tarver, telephone number 318-484-2068.

19.

Interrogatory: Identify each subcontractor employed by Appellant during the performance of the contract to perform work relating to the pile driving and placement of piles and pile cap fabrication, and, with respect to each subcontractor, identify with particularity:

(a) all work items for which each subcontractor was responsible to complete in connection with pile driving, placement of piles and pile cap fabrication;

(b) the time periods during which each subcontractor actually performed any work upon the pile driving, placement of piles and pile cap fabrication.

(c) the names of the principal employees of the identified subcontractors, and the person or persons to whom each employee reported.

Also, please identify all documents responsive to this interrogatory.

Response:

(a) Boh Bros., fabrication, delivery, and placement of piles;

(b) from on or about August 25, 2005 to on or about January 20, 2006;

(c) Harold Baur, III, reported to unknown person, and Bobby Sherman, reported to unknown person.

(a) Sullivan Concrete, formwork, fabrication of rebar cages, concrete placement;

(b) from on or about November 2, 2005 to on or about March 29, 2006;

(c) Donald Sullivan, owner.

(a) Maxim Technologies, quality control for placement of piles, formwork, fabrication of rebar cages, and concrete placement;

(b) from on or about August 25, 2005 to March 29, 2006;

(c) Mike Branim, reported to unknown person.

The request to identify all documents responsive to this interrogatory is unclear. ACC presumes that the intent of the request is to identify documents that relate to pile driving, placement of piles, and pile cap fabrication under the contract. If that is correct, the following response is applicable: please refer to the contract, as modified; submittals that address relevant work; subcontract agreements, as modified; daily reports that reference relevant work; pile driving logs; payment documents related to relevant work by the above-named subcontractors. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

20.

Interrogatory: With respect to each subcontractor mentioned in the preceding interrogatory, please describe, in detail, the additional costs incurred as a result of the pile driving, placement of piles and pile cap fabrication, including, but not limited to, the following:

(a) the additional number of man hours, broken down by category and cost;

(b) any additional costs of material or supplies, broken down by category and cost;

(c) additional transportation expenses, broken down by category and cost; and

(d) any other additional costs incurred by Respondent not included in the above categories;

Response: As to Boh Bros., ACC is claiming no additional costs. Concerning Sullivan Concrete, see ACC's letters dated February 10, 2006, and February 1, 2007 (R4, tabs 18 and 25). Maxim Technologies costs are a component item of the daily extended field office overhead rate (refer to R4, tab 25). Additional materials, including concrete and steel, were obtained by ACC directly from suppliers. For example, refer to R4, tab 17, second page.

21.

Interrogatory: For the preceding interrogatory, please identify:

(a) each and every person who has personal knowledge of the matters identified;

(b) each and every document which establishes, or tends to establish, the matters identified;

(c) all things, except for witnesses or documents, which establish, or tend to establish, the matters identified;

(d) which witnesses, document or things you will or may rely upon at trial to prove the matters identified in the preceding interrogatory.

Response:

(a) Mason Mcknight, III, Wayne Cox, Jimmy Rollins, Mike Branim, BillWheeler, Donald Sullivan

(b) Please refer to the contract drawings, as revised, subcontract agreements, as modified, sketch showing increased pile cap sizes (R4, tab 17, third page), daily reports, invoices, contract Modification No. P00002, ACC letters dated February 10, 2006, and February 1, 2007 (R4, tabs 18 and 25). Rather than attempt to

identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

(c) ACC is aware of no such "things."

(d) See responses to Interrogatory Nos. 20 and 21.

22.

Interrogatory: With respect to all payments made by Appellant to any subcontractor or supplier, in connection with the pile driving, placement of piles and pile cap fabrication, identify with specificity:

(a) the date and recipient of each such payment;

(b) the amount of each such payment;

(c) for what work item(s) each such payment was made.

Also please identify all documents response [sic] to this interrogatory.

Response: ACC will make available for inspection and copying all responsive invoices, payment requests, and/or payment documents. Rather than attempt to identify these documents further, as requested in the interrogatory definitions and instructions, ACC will make them available for inspection and copying at the offices of Smith, Currie & Hancock LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually convenient time.

23.

Interrogatory: Identify each person who prepared, reviewed, or otherwise participated in the preparation of Appellant's claims to the Department of the Army requesting an equitable adjustment for the pile driving, pile placement and pile cap fabrication, and identify with particularity:

(a) each such person's name, job title, and employer at the time of his involvement with Appellant's claims;

(b) the dates during which each such person was involved with Appellant's claims;

(c) the information which each such person possesses regarding appellant's claims, including the individual's opinion upon the merits of those claims;

(d) each such person's current employer, address, and telephone number.

Also please identify all documents responsive to this interrogatory.

Response: The interrogatory refers to "claims." To date, ACC has submitted only one claim to the Government that is responsive to the interrogatory.

(a) Mason McKnight, III, William Wheeler, Wayne Cox, and Jimmy Rollins.

(b) All persons identified above became involved in the prospective claim on or about January 2006, and have remained involved to date.

(c) Messrs. Cox and Rollins possess information related to work at the site. Messrs. McKnight and Wheeler possess information related to all portions of the claim. ACC is not aware that any of these individuals has an opinion that differs from that stated in ACC's letter dated February 1, 2007 (R4, tab 25).

(d) All these individuals are currently employed by ACC.

24.

Interrogatory: With respect to all elements of damages sought by Appellant in this litigation, identify the exact sum of money that you contend the United States owes Appellant, and describe the specific basis and amount for each element of Appellant's alleged entitlement to that sum, citing any contractual provision or other authority upon which you rely. Also please identify all documents responsive to this interrogatory.

Response: See ACC's letter dated February 1, 2007 (R4, tab 25). ACC is entitled to an additional payment of $33,198.99, plus interest, as specified in the contract pursuant to the Changes and Disputes provisions. Concerning interest, refer also to the Contract Disputes Act of 1978, as amended, Title 41, United States Code, Sections 601 and following.

25.

Interrogatory: Identify each person who provided information in connection with Appellant's responses to any of the Government's discovery requests (including these interrogatories and document requests), and specify each discovery request with which each such person was involved.

Response: ACC is not aware of any discovery requests other than "these interrogatories and document requests." Mason McKnight, Wayne Cox, and William Wheeler provided information in connection with all requests.

26.

Interrogatory: Identify all consultants, experts, and/or individuals with whom Appellant has arranged to review any facts of [sic – or?] documents related to appellant's performance of, or claims regarding, Contract No. W9126G-05-C-0006, and/or who provided opinions, advice, or consulting services relating to your claims or this project. For each such person identified, fully describe:

(a) the individual's name, job title, employer, address, and telephone number;

(b) when Appellant first contacted the individual, and whether Appellant specifically retained such individual in anticipation of this litigation;

(c) whether Appellant is paying the individual (or his or her employer) a fee, and, if so, in what amount;

(d) all documents reviewed, and persons consulted, by the individual with respect to his or her analysis of Contract No. W9126G-05-C-0006 and/or Appellant's claims.

(e) what conclusions or opinions the individual has formed with respect to the Contract No. W9126G-05-C-0006 and/or Appellant's claims; and

(f) the individual's educational and professional experience and credentials, including any areas of specialization.

Response: ACC's response is limited to the claim that gave rise to the subject appeal. None.

27.

Identify each person from whom Appellant expects to elicit expert testimony in this action (whether at trial, by written affidavit or declaration in support of any dispositive motion, or otherwise), and, with respect to each such witness, fully describe:

(a) the witness's name, job title, employer, address, and telephone number;

(b) when Appellant first contacted, and/or retained the witness with respect to Contract W9126G-05-C-0006;

(c) whether Appellant's paying the witness(or his or her employer) a fee, and, if so, in what amount;

(d) the substance of the facts and/or opinions to which the witness is expected to testify;

(e) all documents reviewed, and persons consulted, by the witness in connection with his or her fact and/or opinion testimony; and

(f) the witness's educational and professional experience and credentials, including nay [sic] areas of specialization.

Response: None

28.

Interrogatory: Identify any and all persons from whom Appellant expects to elicit non-expert testimony in this action (whether at trial, by written affidavit or declaration in support of any dispositive motion, or otherwise), and with respect to each such person, fully describe:

(a) the witness's name, job title, employer, address, and telephone number;

(b) when Appellant first contacted, and/or retained, the witness with respect to the Contract No. W9126G-05-C-0006;

(c) whether Appellant is paying the witness (or his or her employer) a fee, and, if so, in what amount;

(d) the substance of the facts and/or opinions to which the witness is expected to testify;

(e) all documents reviewed, and persons consulted, by the witness in connection with his or her fact and/or opinion testimony; and

(f) the witness's educational and professional experience and credentials, including any areas of specialization.

Response: See responses to Interrogatory Nos. 2 through 5, 17 through 19, 21, and 23.

29.

Interrogatory: Identify any actions undertaken by Appellant, prior to instituting this action in the Armed Services Board of Contract Appeals, to obtain the relief sought in the Complaint and/or to exhaust any other available remedies. Also please identify all documents responsive to this Interrogatory.

Response: ACC submitted written notice that it considered the Government's directive to be a compensable change. ACC requested an equitable adjustment. ACC submitted a claim. Please refer to ACC letters dated February 10, May 5 and 23, June 8, and November 7, 2006, and February 1, 2007 (R4, tabs 18, 20, 22 through 25).

**Verification Under Oath**

Pursuant to the relevant portion of Rule 15, Armed Services Board of Contract Appeals, and under penalty of perjury pursuant to Title 28, United States Code, Section 1746, I do hereby swear that the Interrogatory responses provided above are true and correct to the best of my knowledge and belief.

Mason McKnight, III

**Response to Document Production Request**

Appellant will make the requested documents available for inspection and copying, except for privileged documents, at the offices of Appellant's counsel, Smith, Currie & Hancock, LLP, 2700 Marquis One Tower, 245 Peachtree Center Ave., N.E., Atlanta, GA 30303-1227, at a mutually agreed time.

Sincerely,

SMITH, CURRIE & HANCOCK, LLP

Steven L. Reed
Attorney for Appellant ACC Construction Co., Inc.

cc: Mason McKnight, III
Karl Dix, Jr.