# EXHIBIT A-20

ARMED SERVICES BOARD OF CONTRACT APPEALS
SKYLINE 6
5109 LEESBURG PIKE
FALLS CHURCH VA 22041-3208

Telephone: (703) 681-8502
20 August 2007

SMITH, CURRIE, & HANCOCK, LLP

AUG 2 4 2007

LIBRARY

√ Steven L. Reed, Esq.
Karl Dix, Jr., Esq.
Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, GA 30303-1227

Howard E. Strackbein, Esq.
Engineer Trial Attorney
U.S. Army Engineer District,
Fort Worth (CESWF-OC)
PO Box 17300
Fort Worth, TX 76102-0300

Re: ASBCA No. 56071
Appeal of ACC Construction Company, Inc.
Under Contract No. W9126G-05-C-0006

Dear Counsel:

The pleadings and Rule 4 documents have been filed. In accordance with Board Rule 8, the parties shall advise the Board within 30 days of the date of this Order whether they desire:

a) an oral hearing (*see* Board Rules 17 through 25); or

b) submission on the record (*see* Board Rule 11), in which case the parties shall include a jointly proposed schedule for concluding discovery, supplementing the record, and submitting briefs and reply briefs, if any (failure to propose a schedule may result in the Board setting one); and/or

c) Alternative Disputes Resolution (ADR) (*see* the Board's "Notice Regarding Alternative Methods of Dispute Resolution"), in which case the parties shall jointly submit a proposed ADR agreement, including a schedule for proceeding.

Printed on Recycled Paper

Each party should also advise the Board within 30 days of the date of this Order whether it objects to any documents submitted thus far under Board Rule 4, together with the reasons for the objection (*see* Rule 4(e)). Objections to future submissions to the Board under Rule 4 should be made within 30 days of the date the documents are served on the opposing party.

The Board intends to decide entitlement only. In appeals involving delay, the Board considers the number of days of delay to be an element of entitlement. If either party prefers that both entitlement and quantum be heard, please advise the Board within 30 days of the date of this Order, stating the reasons therefor, and the Board will consider the request.

By Order of the Board:

CATHERINE A. STANTON
Recorder

# EXHIBIT A-21

REC'D
28 AUG 07
SLR

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

August 23, 2007

Office of Counsel

Ms. Catherine Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six
5109 Leesburg Pike, 7th Floor
Falls Church, Virginia 22041-3208

SUBJECT: ASBCA No. 56071: Appeal of ACC Construction Company, Inc.
Contract No. W9126G-05-C-0006; England Air Park, Alexandria, Louisiana

Dear Ms. Stanton:

Per your order dated August 20, 2007, the Government requests an oral hearing.

Sincerely,

Howard Strackbein

Howard Strackbein,
Engineer Trial Attorney

cc: Steven L. Reed
Karl Dix, Jr.
Smith, Currie & Hancock, L.L.P.
2700 Marquis One Tower
245 Peachtree Center Ave.
Atlanta, GA. 30303-1227

# EXHIBIT A-22

SMITH, CURRIE & HANCOCK LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP THAT INCLUDES PROFESSIONAL CORPORATIONS

Telephone: (404) 521-3800
Facsimile: (404) 688-0671

Reply To:
Steven L. Reed
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

Direct Dial: (404) 582-8020
slreed@smithcurrie.com

August 30, 2007

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

**Re: ASBCA No. 56071**
**Appeal of ACC Construction Co., Inc.**
**Under Contract No. W9126G-05-C-0006**

Dear Ms. Stanton:

This letter is Appellant's response to the Board's Order dated August 20, 2007, and is set forth in the sequence of the inquiries stated in the Order.

Appellant hereby requests an oral hearing in accordance with Board Rules 17 through 25. Additional appeals under the contract have been noticed and more claims have been submitted or are being considered. At the appropriate time, the Appellant will ask that all these matters be consolidated for a hearing. Therefore, we respectfully request that the Board consider waiting to set this appeal for a hearing or set it sufficiently in the future to take into consideration the other appeals that may be consolidated with it.

ACC Construction Co., Inc. ("ACC") is not opposed to engaging with the Government in unassisted negotiations or other facilitated alternative disputes resolution processes if the Government agrees. We have spoken with counsel for the Government, Howard Strackbein, concerning preliminary parameters for such discussions.

Appellant has two objections to the Board Rule 4 Appeal File submitted by the Government. First, we object to Tabs 3A, 3B, 4A, and 4B because they are an incomplete copy of the Contract (minus the drawings). We respectfully request that the Board direct the Government to provide a complete copy of the Contract, including all amendments to the solicitation and modifications to the Contract (minus the drawings). Second, we object to Tab 15 because the documents are illegible.

If additional information on this matter is desired or would be helpful, please contact the undersigned. In the alternative, we recommend a telephone conference.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

Steven L. Reed
Attorneys for ACC Construction Co., Inc.

cc: Thomas Gourlay, Esq., Engineer Chief Trial Attorney
Howard Strackbein, Esq., Engineer Trial Attorney
Mr. Mason McKnight, III
Karl Dix, Jr., Esq.

# EXHIBIT A-23

SLR

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

October 4, 2007

Office of Counsel

SUBJECT: ASBCA No. 56125, Appeal of ACC Construction, Inc., Contract No. W9126G-05-C-0006

Ms. Catherine A. Stanton
Recorder
Armed Services Board
of Contract Appeals
Skyline Six
5109 Leesburg Pike, 7th Floor
Falls Church, Virginia 22041-3208

Dear Ms. Stanton:

Enclosed please find Respondent United States Corps of Engineer's Answer to the above-referenced case along with two additional copies, in accordance with ASBCA Rule 6. Also enclosed please find one copy of Appellant's Complaint. This Answer is due no later than October 5, 2007.

Should you have any questions, please do not hesitate to call the undersigned attorney at 817.886.1151.

Sincerely,

Howard E. Strackbein
Engineer Trial Attorney

Enclosure

Copies Furnished:

Smith, Currie & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

CDRUSACE (CECC-C)

BEFORE THE
ARMED SERVICES BOARD OF CONTRACT APPEALS
Falls Church, Virginia

| | | |
|---|---|---|
| Appeal of | § | |
| | § | |
| ACC Construction, Inc. | § | ASBCA No. 56125 |
| | § | |
| Contract No. W9126G-05-C-0006 | § | |

ANSWER

COMES NOW RESPONDENT, and for its Answer to Appellant's Complaint, dated July 12, 2007, to the Board, hereby admits, denies, and avers as follows:

Paragraph No. 1: Admits.

Paragraph No. 2: Admits.

Paragraph No. 3: Admits the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, admits Appellant claimed additional compensation and time, but denies that the claim has merit, and denies the remaining allegations therein. Admits the allegations in the third sentence of this paragraph. With respect to the allegations in the fourth sentence of this paragraph, lacks sufficient information to affirm or deny and therefore denies.

Paragraph No. 4: Admits, the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph denies, the decision denies the entire claim.

Paragraph No. 5: Admits.

Paragraph No. 6: Admits the allegations in the first and second sentences of this paragraph. Admits the allegations in the third and final sentence of this paragraph, except would point out that ACC was not to start the changed work.

Paragraph No. 7: Lacks sufficient information to affirm or deny the allegations in this paragraph and, therefore, denies them.

Paragraph No. 8: Lacks sufficient information to affirm or deny the allegations in this paragraph and, therefore, denies them.

Paragraph No. 9: Lacks sufficient information to affirm or deny the allegations in this paragraph and, therefore, denies them.

Paragraph No. 10: Lacks sufficient information to affirm or deny the allegations in this paragraph and, therefore, denies them.

Paragraph No. 11: Lacks sufficient information to affirm of deny the allegations in this paragraph and, therefore, denies them.

Paragraph No. 12: Admits.

Paragraph No. 13: Lacks sufficient information to affirm or deny the allegations in this paragraph and, therefore, denies them.

Paragraph No. 14: Admits.

Paragraph No. 15: Admits.

Paragraph No. 16: With respect to the allegations in the first sentence of this paragraph, lacks sufficient information to affirm or deny, and therefore, denies them. With respect to the second sentence of this paragraph, admits. With respect to the allegations in the third, fourth, fifth and sixth sentences of this paragraph, lacks sufficient information to affirm or deny the allegations therein and, therefore, denies them.

Paragraph 17: With respect to the allegations in the first sentence of this paragraph denies. With respect to the allegations in the second sentence of this paragraph, admits

Modification No. P00014 was issued to definitize Modification 10 for $23,000.00 and no time and denies the remaining allegations therein.

Paragraph No. 18: With respect to the allegations in the first sentence of this paragraph, admits the appellant requested an equitable adjustment for $249,743.52 and a 108-day time extension, but denies that Appellant is entitled to any such alleged costs or time extension. With respect to the allegations in the second sentence of this paragraph, denies these allegations.

Paragraph No. 19: With respect to the allegations in the first sentence of this paragraph, admits, but denies that the claim is valid. With respect to the allegations in the second sentence of this paragraph, admits Appellant's claim is for the stated dollar amount and time, but denies that Appellant's claimed amount and time request are valid. With respect to the allegations in the third sentence of this paragraph, admits.

Paragraph No. 20: With respect to the allegations in the first sentence of this paragraph, admits. With respect to the allegations in the second sentence of this paragraph, denies.

Paragraph No. 21: With respect to the allegations in this paragraph, admits.

Paragraph No. 22: Lacks sufficient information to affirm or deny the allegations in this paragraph and therefore denies them.

Paragraph No. 23: Regarding the allegations in this paragraph, admits a letter dated May 11, 2007, was sent providing information on Appellant's claim, but denies the remaining allegations therein.

Paragraph No. 24: Denies.

With respect to the allegations in the last paragraph of the Complaint, serving as Appellant's prayer, denies that Appellant is entitled to the relief requested.

## DEFENSES

Appellant's complaint is wholly without merit, and Respondent, therefore sets out the following defenses.

Appellant alleged that the time for delivery of materials for security windows upgrade under Modification P00014 impacted the time for completion of their work. The Appellant's claim is a defacto claim for recovery under the Eichleay formula.

It is well settled that to make a prima facie case of entitlement to recover under the Eichleay formula, a claimant must make three distinct showings. First, it must show that there was a government-caused delay to its planned contract performance, not concurrent with a delay caused by the Appellant, or by some other unrelated reason. Second, it must show that its original contract performance time was thus extended, or alternatively, that it completed its performance on time, or even early, but incurred additional, unabsorbed overhead costs, because it planned to finish even earlier. Third, the Appellant must show that it was required to remain on "standby" during the delay.

Appellant failed to make all three showings in this claim. Addressing the first showing that must be made by a Appellant under the Eichleay formula, Appellant failed to demonstrate that there was a Government-caused delay, not concurrent with delays caused by the Appellant, or by some other reason. Appellant did not provide an analysis of how the materials delivery for the windows upgrade under Modification P00014 acted to delay its overall completion of the contract work. The Contracting Officer cannot presume that merely because extra work was ordered, and compensation paid, that there has been a delay in the completion of the project, entitling the Appellant to an extension in performance time. It is the Appellant's burden to prove the impact on the overall completion of the project. The Appellant must prove that the alleged

delay occurred on the contract's "critical path," i.e., affected overall completion. It is not sufficient to show that the Government delayed completion of a segment of work. Review of the Appellant's actual progress schedule on this contract reveals that the materials delivery activity for windows upgrade under Modification P00014 is not on the critical path of the actual schedule of this contract. At least two other critical, concurrent activities, i.e., masonry work and steel work, which are both substantially behind their originally scheduled completion dates, have superseded the time for materials delivery under Modification P00014 on the critical path. No compensation for extended overhead may be granted for items not on the critical path. Also, no compensation for extended overhead may be allowed where, as in this case, there are concurrent delays.

Regarding the second showing required of the contractor under the Eichleay formula, this Appellant has demonstrated neither that its original contract performance time was extended by a specified number of days due to government-caused delay, or that it planned to complete earlier than scheduled. The Appellant did not argue that it planned to complete early, nor did it provide any analysis and/or proof of alleged delay, as required by the contract, and set out in case law.

Finally, as per the third and final requirement under the Eichleay formula, the Appellant has not demonstrated that it was required to remain on "standby" during the alleged delay. To demonstrate that it was on "standby," the Appellant must show an effective suspension of much, if not all, of the work on the contract. The Appellant neither alleged, nor proved such a suspension and/or delay.

Therefore, the Appellant failed to prove even a prima facie case of entitlement due to its failure to prove any or all three elements set out by the courts for recovery under the Eichleay formula. Consequently, no compensation was allowed for the extended overhead requested.

Further, the Appellant has failed to prove delay time by submission of a "fragnet" and/or an impact analysis statement in order to justify either the time claimed, or payment for said time.

## CONCLUSION AND PRAYER

WHEREFORE, premises considered, Respondent prays that Appellant be denied all the relief requested in its Complaint, and that the decision of the Contracting Officer be sustained in its entirety.

LLOYD R. CROSSWHITE
District Counsel
U.S. Army Corps of Engineers
Fort Worth District

HOWARD E. STRACKBEIN
Engineer Trial Attorney
U.S. Army Corps of Engineers
Fort Worth District

# EXHIBIT A-24

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

REPLY TO
ATTENTION OF

October 10, 2007

Office of Counsel

SUBJECT: ASBCA No. 56125, Appeal of ACC Construction Co., Contract No. W9126G-05-C-0006, England Air Park, Alexandria, Louisiana

Steven L. Reed, Esq.
Karl Dix, Jr., Esq.
Smith, Currie, & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, Georgia 30303-1227

Dear Messrs. Reed and Dix:

Pursuant to Rule 4 of the Armed Services Board of Contract Appeals, enclosed please find a copy of the U.S. Army Corps of Engineers' (USACE) indexed appeal assembly pertaining to the above-referenced subject. A copy of the Rule 4 assembly was also sent to the Armed Services Board of Contract Appeals (ASBCA).

Should you desire to furnish additional documents according to the ASBCA rules, you must submit the additional documents to the ASBCA within 30 days upon your receipt of the USACE's index. Additionally, a copy of any additional documents must be furnished to the USACE.

The Engineer Trial Attorney for this appeal is Howard Strackbein. He may be reached at the U.S. Army Corps of Engineers, Fort Worth District, Post Office Box 17300, Fort Worth, Texas 76102-0300, telephone no. (817) 886-1151.

Sincerely,

Howard Strackbein

Lloyd R. Crosswhite
District Counsel

Enclosure

# EXHIBIT A-25

11-7-07

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

REPLY TO
ATTENTION OF

November 6, 2007

Office of Counsel

SUBJECT: ASBCA No. 56155, Appeal of ACC Construction Company, Inc., Under Contract No. W9126G-05-C-00006

Catherine A. Stanton, Recorder
Armed Services Board of Contract Appeals
Skyline Six, Room 703
5109 Leesburg Pike
Falls Church, VA 22041-3208

Dear Ms. Stanton:

Enclosed, for filing in the subject appeal, is the Government's Answer to the Appellant's Complaint. A copy of this Answer is concurrently being provided to the Appellant's counsel.

Sincerely,

Lloyd R. Crosswhite
District Counsel

Enclosure

Copies Furnished:

Mr. Steven L. Reed
Smith, Currie & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1227

CDRUSACE (CECC-C)
CDRUSACE (CECC-SWD)

BEFORE THE

ARMED SERVICES BOARD OF CONTRACT APPEALS

Falls Church, Virginia

| | | |
|---|---|---|
| Appeal of | § | |
| ACC Construction Co., Inc. | § § | ASBCA No. |
| Contract No. W9126G-05-C-0006. | § § | 56155 |
| | § | |

**ANSWER**

COMES NOW, the United States Army Corps of Engineers (hereinafter referred to as "Respondent" or "Government"), by and through the undersigned counsel, and files this, its Answer, in response to the Complaint filed in the above-styled case by ACC Construction Co., Inc. (hereinafter referred to as "Appellant" or "ACC"), to which Complaint Respondent admits, denies, or avers as follows:

**The Parties and Jurisdiction**

1. Paragraph No. 1: Admits.

2. Paragraph No. 2: Admits.

3. Paragraph No. 3: The allegations contained within the first two sentences of this paragraph are admitted to the extent supported by the referenced letter, which is the best evidence of its contents; however, any allegations not supported by the referenced letter are denied. The third sentence is admitted.

4. Paragraph No. 4: The first sentence is admitted. The allegations contained within the second sentence constitute a conclusion of law to which no response is required; to the extent that they may be deemed to be allegations of fact, they are denied. Alternatively, the allegations in the second sentence contain allegations of fact for which Respondent lacks sufficient information to form a belief as to their truth and therefore denies them.

5. Paragraph No. 5: The allegations contained within the first sentence constitute a conclusion of law to which no response is required; to the extent that they may be deemed to be allegations of fact, they are denied. The second sentence is admitted.

**The Facts**

6. Paragraph No. 6: Respondent lacks sufficient knowledge to admit or deny the allegations contained within this paragraph and therefore denies them. Respondent does not know what date the NTP was received by Appellant, but avers that Appellant acknowledged to the Government its receipt of the NTP on 29 March 2005.

7. Paragraph No. 7: The allegations contained within the first sentence of this paragraph are admitted to the extent supported by the contract, which is the best evidence of its contents; however, any allegations not supported by the contract are denied. The second sentence is denied. The Government avers it administered the contract as originally awarded, allowing a 360 day period of performance for the Phase 1 work, and admits that the work in Phase 1 constituted the majority of the contract work; however, the Government avers that at various points in time, and for various reasons, the Government granted appropriate extensions of time to

the performance period for that phase of the work and thus did not administer the contract as allowing only a 360 day performance period for Phase 1.

8. Paragraph No. 8: The allegations contained within the first sentence of this paragraph are admitted to the extent supported by the contract, which is the best evidence of its contents; however, any allegations not supported by the contract are denied. With regard to the allegations within the second sentence, the Government admits that 360 days from 29 March 2005 is 24 March 2006, but denies that the Government's administration of the contract limited the performance period for Phase 1 to only 360 days. The Government avers that, as of 31 October 2007, there have been 35 modifications to the contract which have extended the allowed performance period for Phase 1 by an additional 414 days, for a total performance period of 774 days for phase 1.

9. Paragraph No. 9: The allegations contained within this paragraph contain allegations of fact for which Respondent lacks sufficient information to form a belief as to their truth and therefore Respondent denies them.

10. Paragraph No. 10: The allegations contained within this paragraph are admitted to the extent supported by the referenced letters, which are the best evidence of their contents; however, any allegations not supported by those letters are denied.

11. Paragraph No. 11: The allegations contained within this paragraph are admitted to the extent supported by the referenced letter, which is the best evidence of its contents; however, any allegations not supported by that letter are denied.

12. Paragraph No. 12: The first sentence is admitted. The second and third sentences are denied. The Government avers that weather or weather-related modifications included a pro rata allocation of additional time, based upon the anticipated weather delay days for the month in which the extension fell, to ameliorate for the anticipatable adverse weather delays during that extension.

13. Paragraph No. 13: The allegations in this paragraph are a characterization of ACC's claim to which no response is required; however, to the extent they may be deemed to be allegations of fact, they are denied. The Government avers that in ACC's claim letter dated 11 June 2007, ACC incorrectly asserted the original contract completion date was 24 March 2006, rather than the true original contract completion date 90 days later of 22 June 2006; and that ACC's computation of what they characterize as unusually severe weather days to which they claim entitlement are apparently calculated starting with the 24 March 2006 date (original Phase 1 completion date), rather than the original contract completion date of 22 June 2006. The government avers that ACC alleges in paragraph 8 of its Complaint that "the original, unmodified contract completion date was June 22, 2006", and notes that this allegation is inconsistent with ACC's allegation in its claim letter of 11 June 2006 that the original contract completion date was 24 March 2006.

14. Paragraph No. 14: The allegations in this paragraph are a characterization of ACC's claim to which no response is required; to the extent they may be deemed to be allegations of fact, they are denied. The Government admits ACC has not, as of 5 November, substantially completed the Passenger Processing Facility (PPF), nor has ACC alleged it has substantially completed the PPF as of that date, nor has ACC conducted a completion inspection as of that date.

**Prayer for Relief**

With respect to the text in the final paragraph, which is serving as Appellant's Prayer for Relief, no answer is required; to the extent that it may be deemed to contain allegations of fact, they are denied.

**Affirmative Defenses**

1. Five weather or weather-related modifications to the contract were executed bilaterally by the parties after the parties had agreed regarding the extent of delay owed each month due to weather. These five modifications therefore serve as an accord and satisfaction as to weather or weather-related time owed for the time periods covered by them. These modifications include Modifications Nos. P00004, P00006, P00008, P00013, and P00021.

2. Modification No. P00002 was negotiated and executed bilaterally by the parties as a complete settlement for the cost and time associated with a suspension of work due to a differing site condition. The language on the face of this modification also serves to document the complete accord and satisfaction by the parties as to the cost and time allowed for winter weather inefficiencies caused by the suspension delaying work from the summer months to the winter months.

WHEREFORE, PREMISES CONSIDERED, Respondent prays that the Board sustain the final decision of the Contracting Officer dated 31 October 2007 in its entirety, and that the Board deny any and all other relief requested by Appellant in the subject appeal.

Respectfully submitted this 6th day of November, 2007.

Lloyd R. Crosswhite
District Counsel
U.S. Army Corps of Engineers
Fort Worth District

Jane Holt-Duecaster
Engineer Trial Attorney
U.S. Army Corps of Engineers
Fort Worth District

# EXHIBIT A-26

DEPARTMENT OF THE ARMY
FORT WORTH DISTRICT, CORPS OF ENGINEERS
P. O. BOX 17300
FORT WORTH, TEXAS 76102-0300

REPLY TO
ATTENTION OF

October 31, 2007

Office of Counsel

SUBJECT: ASBCA No. 56155, Appeal of ACC Construction Co., Contract No. W9126G-05-C-0006, England Air Park, Alexandria, Louisiana

Steven L. Reed, Esq.
Smith, Currie, & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, Georgia 30303-1227

Dear Mr. Reed:

Pursuant to Rule 4 of the Armed Services Board of Contract Appeals, enclosed please find a copy of the U.S. Army Corps of Engineers' (USACE) indexed appeal assembly pertaining to the above-referenced subject. A copy of the Rule 4 assembly was also sent to the Armed Services Board of Contract Appeals (ASBCA).

Should you desire to furnish additional documents according to the ASBCA rules, you must submit the additional documents to the ASBCA within 30 days upon your receipt of the USACE's index. Additionally, a copy of any additional documents must be furnished to the USACE.

The Engineer Trial Attorney for this appeal is Jane Holt-Duecaster. She may be reached at the U.S. Army Corps of Engineers, Fort Worth District, Post Office Box 17300, Fort Worth, Texas 76102-0300, telephone no. (817) 886-1149.

Sincerely,

Jane Holt-Duecaster

Lloyd R. Crosswhite
District Counsel

Enclosure

# EXHIBIT A-27

ARMED SERVICES BOARD OF CONTRACT APPEALS
SKYLINE 6
5109 LEESBURG PIKE
FALLS CHURCH VA 22041-3208

Telephone: (703) 681-8502
9 November 2007

✓ Steven L. Reed, Esq.
Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., NE
Atlanta, GA 30303-1227

Jane Holt-Duecaster, Esq.
Engineer Trial Attorney
U. S. Army Engineer District,
Fort Worth (CESWF-OC)
PO Box 17300
Fort Worth, TX 76102-0300

Re: ASBCA No. 56155
Appeal of ACC Construction Company, Inc.
Under Contract No. W9126G-05-C-0006

Dear Counsel:

The pleadings and Rule 4 documents have been filed. In accordance with Board Rule 8, the parties shall advise the Board within 30 days of the date of this Order whether they desire:

a) an oral hearing (*see* Board Rules 17 through 25); or

b) submission on the record (*see* Board Rule 11), in which case the parties shall include a jointly proposed schedule for concluding discovery, supplementing the record, and submitting briefs and reply briefs, if any (failure to propose a schedule may result in the Board setting one); and/or

c) Alternative Disputes Resolution (ADR) (*see* the Board's "Notice Regarding Alternative Methods of Dispute Resolution"), in which case the parties shall jointly submit a proposed ADR agreement, including a schedule for proceeding.

Printed on Recycled Paper

Each party should also advise the Board within 30 days of the date of this Order whether it objects to any documents submitted thus far under Board Rule 4, together with the reasons for the objection (*see* Rule 4(e)). Objections to future submissions to the Board under Rule 4 should be made within 30 days of the date the documents are served on the opposing party.

The Board intends to decide entitlement only. In appeals involving delay, the Board considers the number of days of delay to be an element of entitlement. If either party prefers that both entitlement and quantum be heard, please advise the Board within 30 days of the date of this Order, stating the reasons therefor, and the Board will consider the request.

By Order of the Board:

CATHERINE A. STANTON
Recorder

# EXHIBIT A-28

11-9-07

ARMED SERVICES BOARD OF CONTRACT APPEALS
SKYLINE 6
5109 LEESBURG PIKE
FALLS CHURCH VA 22041-3208
Telephone: (703) 681-8502
5 November 2007

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| ACC Construction Company, Inc. | ) | ASBCA No. 56239 |
| | ) | |
| Under Contract No. W9126G-05-C-0006 | ) | |

NOTICE OF DOCKETING

Steven L. Reed, Esq.
Karl Dix, Jr., Esq.
Smith, Currie & Hancock LLP
2700 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, GA 30303-1227

Your appeal has been assigned ASBCA docket number 56239. Please refer to the docket number in all future correspondence. Send a copy of all correspondence directed to the Board, including enclosures, to government counsel at the address below (noting on the Board's copy that you have done so), unless the Board orders otherwise. A standard format for correspondence and pleadings is contained in the Board's Rules.

Enclosed are the Board's Rules, a Guidance for Summary Judgment Motions, a Notice Regarding Alternative Methods of Dispute Resolution (ADR), and procedures relating to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504.

Board Rule 6 requires you to file your complaint within 30 days of your receipt of this docketing notice.

You may elect the ACCELERATED PROCEDURE if the amount in dispute is $100,000 or less. You may elect the EXPEDITED (SMALL CLAIMS) PROCEDURE if the amount in dispute is $50,000 or less or, in the case of a small business concern (as defined in the Small Business Act and regulations under that Act), $150,000 or less. Rule 12 describes these procedures, including time limits.

You are urged to consider ADR procedures for disposition of your appeal. The enclosed notice describes some of the ADR methods which parties have used successfully in the past. Sample ADR agreements are available upon request.

Printed on Recycled Paper

Should you prevail on your appeal and be otherwise entitled, you may file an application for EAJA fees and expenses. Your application must be filed within 30 days of a final disposition of the appeal.

Until another attorney enters an appearance, the government is represented by the Engineer Chief Trial Attorney, U.S. Army Corps of Engineers, Attn: DAEN-CECC-F, 441 G Street, NW, Washington, DC 20314-1000, (202)761-8542.

Paula K. Klein
for CATHERINE A. STANTON
Recorder

Enclosures
cc:
Government Counsel
(w/ADR Notice and Summary Judgment Guidance)

# EXHIBIT A-29

DEPARTMENT OF THE ARMY
U.S. ARMY CORPS OF ENGINEERS
441 G STREET NW
WASHINGTON, D.C. 20314-1000

CECC-C (27-40b)

13 November 2007

MEMORANDUM FOR: Recorder, Armed Services Board of Contract Appeals, and Appellant

SUBJECT: ASBCA No. 56239
Appeal of ACC Construction Company, Inc.
Under Contract No. W9126G-05-C-0006

1. The Respondent will be represented in the above-styled appeal by the Engineer Chief Trial Attorney, Thomas Gourlay.

2. In addition to the Engineer Chief Trial Attorney, the assigned Trial Attorney is Rex Crosswhite. His address is U.S. Army Engineer District, Fort Worth, Attn: CESWF-OC, P.O. Box 17300, Fort Worth, Texas. His telephone number is (817)886-1145.

for Carolyn Lynd

THOMAS H. GOURLAY, JR.
Engineer Chief Trial Attorney

Cc:
Steven L. Reed, Esq.
Smith Currie & Hancock, LLP
2700 Marquis Tower One
245 Peachtree Center Ave., NE
Atlanta, GA 30303-1227