IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACC CONSTRUCTION COMPANY, INC., Plaintiff, | ) | |
| v. | ) | No. 07-379C (Judge Baskir) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

Defendant, the United States, respectfully submits this reply brief in support of Defendant's Motion to Consolidate, dated November 16, 2007. As we demonstrated in our initial brief, this case should be consolidated with cases filed by plaintiff ACC Construction Company, Inc. ("ACC") before the Armed Services Board of Contract Appeals ("ASBCA" or "board"). In its response brief, ACC does not provide any persuasive basis for denying our motion to consolidate. Accordingly, the Court should consolidate the ASBCA actions with this case.[1]

[1] After ACC's motion to transfer was filed, ACC filed an additional claim before the ASBCA, No. 56239. That case should also be consolidated with this case in this Court. Moreover, case No. 56239 is merely a protective appeal to the board which involves the same claim as case No. 56155.

## ARGUMENT

### I. ACC Fails To Provide A Rationale For Its Failure To Bring This Case To The ASBCA Within The 90-Day Limitations Period

As explained in our opening brief, ACC chose to file an action in this Court after the 90-day period for filing an appeal to the ASBCA had expired. Thus, transferring this case to the ASBCA would enable ACC to circumvent the period for bringing claims to the ASBCA.

ACC's explanation for its failure to bring this case to the ASBCA is entirely unavailing. ACC asserts that it did not file its claim with the ASBCA because it did not have a full appreciation of the merits of the claim. ACC merely reiterates this argument in its opposition brief, but it does not refute the fact that ACC obviously thought the claim had merit since it submitted the claim to the contracting officer. Moreover, ACC does not deny that it was represented by counsel who was certainly aware of the merits of the claim.[2]

ACC also misstates the holding in Glenn v. United States, 858 F.2d 1577, 1581 (Fed. Cir. 1998). There, the Federal Circuit held that this Court

---

[2] Indeed, ACC's counsel at the time stated to counsel for the Army Corps of Engineers that he agreed with the contracting officer's decision and did not intend to appeal it.

may not refuse to transfer a case solely on the basis that the 90-day period for filing in the ASBCA has expired because to do so "would without authority read a 90-day limit into [section 609(d)]." Thus, Glenn merely stands for the proposition that there is no jurisdictional prohibition against transferring cases to the ASBCA after the 90-day period has passed. However, there is nothing in Glenn that prevents this Court from considering the fact that a party elected not to proceed before the ASBCA when analyzing the criteria set forth in section 609. Indeed, this Court has "broad discretion" in deciding whether to consolidate cases, and one of the factors to be considered by the Court is whether the plaintiff initially chose to appeal its claims before the Court or the board. Morse Diesel International, Inc. v. United States, 66 Fed. Cl. 801, 804 (2005). This consideration is particularly important where the reasons proffered by the plaintiff for missing the 90-day deadline are unavailing.

Moreover, Glenn was a "particular and unusual case" involving "unique circumstances" not present here. Id. at 1581. In Glenn, the motion to transfer to the board was unopposed. Id. at 1579. Thus, unlike our case, the Government was not seeking to consolidate the board cases in the Court of Federal Claims. As a result, there was a risk that if the

Court did not transfer the case to the board, inconsistent decisions could result. Id. at 1581. Further, in Glenn, the board actually recommended to the plaintiff that he file his case in this Court and then move for a transfer. Id. at 1579. Here, where the criteria set forth in 41 U.S.C. § 609(d) are met, and where ACC willingly chose to bring its claim in this Court and not before the ASBCA, it is proper to consolidate the ASBCA cases. Nothing in Glenn suggests otherwise.

## II. Transfer Of The ASBCA Cases To The Court Is Proper For The Convenience Of The Parties And Witnesses And Because The Cases Arise From The Same Contract

The remaining criteria set forth in 41 U.S.C. § 609(d) also weigh in favor of consolidation. The cases arise from the same contract and consolidation in this Court will eliminate duplication of efforts and be more convenient for the parties and witnesses.

ACC makes much of the fact that limited discovery has taken place in the ASBCA cases. It notes that document requests and interrogatories have been served in one of the four ASBCA cases. With respect to two of the cases, only initial disclosures have been made and with respect to the last case, no discovery has taken place. Given these facts, it cannot be said that "substantial efforts" have been expended by the ASBCA. See

Morse Diesel, 66 Fed. Cl. at 804. Moreover, the discovery that has taken place will be equally relevant should the cases be consolidated in this Court.

In sum, there is no dispute that all the cases arise from the same contract and have overlapping issues, that ACC initially chose to appeal its claim before the Court, and that consolidation in this Court will eliminate duplication of efforts and be more convenient for the parties and witnesses than litigating these cases in two places. ACC also does not dispute this Court's expertise in the area of Government contract law. In short, other than noting that limited discovery has taken place in certain of the ASBCA cases, ACC provides no persuasive reason why those cases should not be consolidated with this case.

## CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court grant defendant's motion to consolidate, deny plaintiff's motion to transfer, and consolidate ASBCA Appeal Nos. 56071, 56125, 56155, and 56239 with this case.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 305-3087
Fax: (202) 305-1571

December 13, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 13th day of December 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ L. Misha Preheim