IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACC CONSTRUCTION COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-379C |
| | ) | (Judge Baskir) |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT**

**COMES NOW,** Plaintiff, ACC Construction Co., Inc. ("ACC") by and through its undersigned counsel and files the following Reply to the Defendant's Response to the Plaintiff's Request for Oral Argument. ACC respectfully requests that this Honorable Court allow oral argument in support of the Plaintiff's Motion to Transfer this case to the Armed Services Board of Contract Appeals ("the Board") where it would join the Plaintiff's other, multiple claims that are on appeal before the Board. The Defendant, in its response to the request for oral argument (Document 21), keys on two statements in the Plaintiff's request (Document 20).

First, the Defendant contends that the Plaintiff should not be allowed the opportunity for oral argument to "further explain the Plaintiff's intent and timing of its filing" of the Complaint in this Court because it already had the

opportunity to explain, presumably when the Plaintiff filed the Motion to Transfer and supporting evidence (Document 11, in particular, Mr. McKnight's affidavit, Exhibit A-5, especially ¶ 5). If that was the standard, there would never be any need for oral argument. New matters, not previously addressed in paper filings, are rarely allowed in oral argument. The operative Special Procedures Order in this case (Document 7, ¶ 13) says as much.

Mr. McKnight, the only person to offer evidence on this point and who wishes to observe the oral argument, should be given the opportunity to see how the Defendant handles his sworn word. To date, the Defendant, not in its factual recitation but in argument, summarily asserts that Mr. McKnight's statements lack credibility (Document 16, part II, at 6). No evidence is cited.

Being aware of the apparent weakness of that summary statement, the Defendant attempts to bolster its position, not with factual evidence, but with another argumentative assertion that Plaintiff's unidentified counsel, "at the time," told the agency's unidentified counsel, in effect, that the case was non-meritorious because "he" (Plaintiff's former counsel) "did not intend to appeal it" to the Board. Where is the affidavit, memorandum of

telephone conversation, or other documentation of this behind the scenes communication?

We suggest that this is the sort of communication that deserves to be questioned in open court. Oral argument seems the right time and place to do so.

Second, the Defendant suggests that it fails to appreciate "how oral argument will elicit any additional information" concerning the status and progress of the appeals before the Board. Here again, oral argument seems the correct time and place to bring the Court forward to the present on the progress of the appeals before the Board as well as other claims and potential claims under the contract. Performance of the physical work under the contract has continued to conclusion, another appeal has been filed before the Board, other claims have been decided by the agency contracting officer, and the Board has communicated with the parties since the Motion to Transfer was filed. The claims and appeals under the contract are not static but are continuing and dynamic.

Accordingly, we respectfully request an opportunity to provide the Court with the most up to date information in an efficient manner, not by filing additional documents that are susceptible of daily change and accumulation, but by appearing before the Court to provide a snapshot of

the progress of matters before the Board. For that reason, other reasons explained above, and as stated in the Plaintiff's request (Document 20), we suggest oral argument.

Dated this 29th day of January, 2008.

By: /s/ Karl Frederick Dix
Karl Frederick Dix
(404) 582-8038 Telephone
(404) 688-0671 Facsimile

By: /s/ Steven L. Reed
Steven L. Reed
(202) 742-6661 Telephone
(202) 742-6662 Facsimile

**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, GA 30303-1227
(404) 521-3800 Telephone
(404) 688-0671 Facsimile

## CERTIFICATE OF FILING

I hereby certify that on the 29th day of January, 2008, a copy of the foregoing *Plaintiff's Reply to Defendant's Response to Plaintiff's Request for Oral Argument* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Karl F. Dix
Karl Frederick Dix
404/582-8038 – Telephone
404/688-0671 – Fax

**SMITH, CURRIE & HANCOCK LLP**
2700 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404)521-3800 (Telephone)
(404)688-0671 - Fax