# In the United States Court of Federal Claims

Case No. 07-379C
(Filed: February 1, 2008)
REVISED OPINION/ORDER – NOT TO BE PUBLISHED

| | |
|---|---|
| ACC CONSTRUCTION CO., INC., *Plaintiff,* | * |
| v. | * |
| THE UNITED STATES OF AMERICA, *Defendant.* | * |

***Karl F. Dix and Steven L. Reed***, Smith, Currie & Hancock, LLP, Atlanta, Georgia, counsel of record for Plaintifff.

***L. Misha Preheim***, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., attorney of record for Defendant. With him on the briefs were ***Peter D. Keisler***, Assistant Attorney General, ***Jeanne E. Davidson***, Director, and ***Brian M. Simkin***, Assistant Director.

***Lauren A. Weeman***, law clerk.

## OPINION AND ORDER

**BASKIR, Judge**.

This is a contract case. The Plaintiff appeals a decision of the Contracting Officer denying its claim for additional time to complete construction of a Passenger Processing Facility at England Air Park in Alexandria, Louisiana, and seeking payment of funds being withheld by the Government in anticipation of an assessment of liquidated damages.

Currently before the Court is the Plaintiff's October 4, 2007, Motion to Transfer the Case to the Armed Services Board of Contract Appeals ("ASBCA" or "the Board") pursuant to 41 U.S.C. § 609(d). Four appeals arising from the same contract are currently pending before the ASBCA. The Defendant opposes transfer and has filed a Motion to Consolidate all claims arising from the contract in this Court. **The Court finds that transfer to the ASBCA is appropriate. The Plaintiff's Motion to Transfer is therefore GRANTED. The Defendant's Motion to Consolidate is DENIED.** The Court has resolved the Plaintiff's Motion based on the briefs. **The Court therefore DENIES the Plaintiff's December 31, 2007, Request for Oral Argument**.

## I. Background

The Plaintiff, ACC Construction Co., Inc. ("ACC"), entered into a fixed-price standard form construction contract with the Army on March 8, 2005. The contract required the Plaintiff to construct a Passenger Processing Facility ("PPF") and to complete other specified work at England Air Force Base in Alexandria, Louisiana. The amount of the contract was $11,218,867.92. The duration of the contract is in dispute and forms the basis of this litigation.

Various disagreements arose between ACC and the Army during the administration of the contract. Consequently, ACC submitted five claims to the Contracting Officer ("CO"). The CO denied each of these claims. ACC appealed the final decision of the CO on four of these claims to the ASBCA. ACC brought suit in this Court to challenge the CO's decision on the fifth claim. ACC now seeks to have the case filed in this Court transferred to the ASBCA pursuant to 41 U.S.C. § 609(d). Memorandum in Support of Plaintiff's Motion to Transfer ("Pl. Mot.") at 1. The details of each claim are set forth below.

### A. <u>ASBCA No. 56071</u>

On February 1, 2007, ACC submitted a claim to the CO seeking additional compensation of $33,198.99 and a 14-day time extension due to problems it encountered when laying the concrete foundation for the PPF. ACC argues that the Government should bear the additional costs associated with modifications it was required to make after following the specifications and drawings provided by the Government. Pl. Mot. Ex. A-6.

The CO denied this claim on March 30, 2007. *Id.* ACC appealed to the ASBCA on July 12, 2007. Pl. Mot. Ex. A-13. The Government filed an Answer on August 14, 2007. The parties are engaged in discovery and the Board is in the process of scheduling hearings on this appeal. Pl. Mot. at 5; Plaintiff's Reply Brief ("Pl. Rep. Br.") at 2.

### B. <u>ASBCA No. 56125</u>

ACC submitted a claim to the CO on January 25, 2007, demanding compensation of $249,743.52 and a 108-day time extension to cover extended field office overhead costs and delays that ACC alleges were caused by directed changes and final technical changes ordered by the Government. Pl. Mot. Ex. A-14. ACC subsequently increased the amount of this claim to $267,952.33. *Id.* The CO denied this claim on June 28, 2007. ACC appealed the CO's final decision to the ASBCA on August 29, 2007. *Id.* Government counsel has made an appearance in this appeal. Pl. Mot. at 3, Ex. A-14, A-23.

C. ASBCA No. 56155

On June 11, 2007, ACC submitted a claim to the CO demanding a 56-day time extension due to delays allegedly caused by severe weather. ACC did not receive a response from the CO by August 29, 2007. Pl. Mot. Ex. A-15. ACC therefore deemed the claim denied as of that date. ACC appealed the denial to the ASBCA on October 2, 2007. *Id.* Government counsel has made an appearance and the Board has initiated the process by which a hearing may be scheduled. Pl. Mot. at 3, Ex. A-15, A-25.

D. U.S. Court of Federal Claims Complaint

ACC submitted a claim to the CO on October 27, 2005, demanding an interpretation of the contract provision which outlines the performance period for construction of the PPF. Complaint ("Compl.") ¶ 4. ACC claims that it prepared its proposal, which included a 450-day performance period, based on the assumption that it would have the entire 450 days or more to construct the PPF. *Id.* ¶ 14. The Army has continually argued that the contract allowed ACC 450 days to complete the entire contract, but that ACC had only 360 days to construct the PPF. *See id.* ¶ 18.

The CO issued a final decision on this claim on June 16, 2006, eight months after it was submitted. *Id.* ¶ 5. In his decision, the CO stated that the performance period stipulated in the contract was clear and required ACC to complete construction of the PPF in 360 days. *Id.* at Ex. A-4. The CO therefore denied ACC's request for an extension of time to complete construction.

ACC appealed the CO's decision by filing a complaint in this Court on June 14, 2007. ACC asserts that the CO's interpretation of the performance period for construction of the PPF is incorrect. ACC therefore seeks an interpretation of the relevant contract provision and asks the Court to allow it the full 450 days to complete construction of the PPF. *See Id.* ¶ 25. ACC also seeks payment of funds that are being withheld by the Government in anticipation of an assessment for liquidated damages caused by delays in completing construction of the PPF. *Id.*

E. ASBCA No. 56239

A fifth appeal was docketed by the ASBCA after ACC filed the Motion to Transfer in this Court. Government counsel has made an appearance in this appeal. The parties have not provided additional information about this appeal. *See* Pl. Rep. Br. at 3, Ex. A-28, A-29.

## II. Discussion

The Plaintiff moves the Court to transfer this case to the ASBCA pursuant to 41 U.S.C. § 609(d). The Plaintiff argues that transfer will avoid the possibility of inconsistent results and serve the goal of judicial economy. *See* Pl. Mot. at 6. The Government opposes transfer on the grounds that it would enable the Plaintiff to circumvent the 90-day limitation for bringing appeals before the ASBCA. Defendant's Motion to Consolidate and Opposition to Plaintiff's Motion to Transfer ("Def. Br.") at 1.

In addition to opposing transfer, the Defendant has filed a Motion to Consolidate the ASBCA appeals with this case. The Defendant argues that consolidation is proper because the claims arise out of the same contract and involve overlapping factual and legal issues. The Defendant contends that consolidation will result in an efficient allocation of judicial and party resources. *Id.*

Based upon these motions, it is clear that the parties agree that all of the Plaintiff's claims should be resolved together in one forum. The only issue in dispute is which forum should resolve the claims. We conclude that the ASBCA is the more appropriate forum as it has already begun work on at least one appeal and the Plaintiff has demonstrated a preference for that forum.

### A. Legal Standard for Transfer and Consolidation

The U.S. Court of Federal Claims has broad discretion to transfer or to consolidate a case. *See Joseph Morton Co. v. United States*, 757 F.2d 1273, 1280 (Fed. Cir. 1985). Section 609(d) of the Contract Disputes Act ("CDA") governs the transfer and consolidation of cases arising from one contract which are brought before the U.S. Court of Federal Claims and one or more agency boards. This provision states:

> If two or more suits arising from one contract are filed in the United States Claims Court [United States Court of Federal Claims] and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Claims Court [United States Court of Federal Claims] may order the consolidation of such suits in that court ***or transfer any suits to or among the agency boards involved***.

41 U.S.C. § 609(d) (emphasis added).

### B. Factors Supporting Transfer to the ASBCA

The Court may consider several factors when deciding whether to grant a motion to transfer, including whether one forum has made significant progress on the claims, whether the Plaintiff initially chose to assert claims before a board or a court, and whether the Plaintiff has demonstrated a preference for one forum over the other. *See Morse Diesel Int'l v. United States*, 69 Fed. Cl. 558, 563-64 (2006).

As previously mentioned, the parties do not argue against consolidation. Rather, they disagree over whether all of the Plaintiff's claims should be resolved by the ASBCA or by this Court. The following factors support transferring this case to the ASBCA to be resolved along with the other pending appeals.

1. *The ASBCA's Progress on the Pending Appeals*

In its Reply to the Defendant's Opposition and Motion to Consolidate, the Plaintiff states that the ASBCA has made considerable progress on the appeals. Specifically, the Plaintiff indicates that, as of December 4, 2007, the Government had made document discovery disclosures and served interrogatories in ASBCA No. 56071. Pl. Rep. Br. at 2. The Plaintiff further indicates that the Board has initiated the process by which hearing dates and a pre-hearing schedule will be set for this appeal, as well as for ASBCA No. 56155. *Id.* In addition, the Plaintiff has informed the Court that Government counsel has made discovery disclosures in ASBCA Nos. 56125 and 56155. *Id.*

Although it is arguable whether the above constitutes "significant progress," the Board has made more progress than the Court. The complaint was filed on June 14, 2007. The Court has since granted two motions for extension of time filed by the Government. With the exception of the instant motion, there have been no additional proceedings.

2. *ACC's Choice of Forum*

The Plaintiff has appealed all but one of the CO's denials of its claims to the ASBCA. The Plaintiff's first three appeals were made to the Board. The Plaintiff argues that it will have "the burden of proof in most if not all matters before the Board and before the Court" and has urged the Court to "strongly consider [its] preference" for having its appeals resolved by the Board. Pl. Mot. at 9.

In addition to examining whether the Plaintiff initially chose to assert claims before a board or a court, the Court may consider whether the Plaintiff has demonstrated a choice of forum. *See Morse Diesel Int'l*, 69 Fed. Cl. at 564 (noting that the plaintiff's decision to initially file a claim in the U.S. Court of Federal Claims and to file additional claims arising from the same contract in both the Court and the Board indicated the plaintiff's lack of exclusive preference for one forum over the other). By filing its initial three appeals before the Board and arguing that it would prefer that all appeals be resolved by the Board, the Plaintiff has demonstrated a preference for that forum.

C. The ASBCA's Jurisdiction Over This Case

The Defendant opposes transferring this case to the ASBCA on the grounds that doing so would enable the Plaintiff to circumvent the 90-day limitation period for bringing appeals to the Board. Def. Br. at 5. Pursuant to the CDA, the contractor has 90 days from the receipt of the CO's final decision to appeal the decision to an agency board of contract appeals. *See* 41 U.S.C. § 606. However, the contractor has 12 months to appeal a final decision of a CO to the U.S. Court of Federal Claims. *See id.* at § 609.

The Plaintiff filed its complaint in this Court on June 14, 2007. This was almost one year after the CO issued a final decision on the claim on June 16, 2006. The Plaintiff's filing in this Court was therefore timely, but was outside the 90-day period allowed for an appeal to the Board. The Defendant contends that, because the Plaintiff elected not to appeal this claim to the ASBCA in a timely manner, the Plaintiff is now precluded from having the case transferred. We disagree.

The Federal Circuit has instructed that the 90-day limitation on appealing to an agency board should not be read into section 609(d) to prevent the transfer of a case where such transfer is in the interest of justice. *See Glenn v. United States*, 858 F.2d 1577, 1581 (Fed. Cir. 1988). Similar to the instant case, the plaintiff in *Glenn* filed a complaint in this Court after the 90-day period to appeal to the agency board had passed. The plaintiff then sought to have the case transferred to the agency board. The Claims Court denied the plaintiff's motion to transfer stating, "[w]hen there has been a failure to appeal the final decision [of the CO] within the 90-day deadline, it would distort the appeal procedure to permit the failure to be cured by an appeal to this court for the express purpose of a transfer to the agency board. Such a transfer would amount to a misuse of the structure erected in the Contract Disputes Act." *Glenn v. United States*, 13 Cl. Ct. 784, 786 (1987).

The Federal Circuit vacated and remanded with instructions to transfer the plaintiff's suit to the agency board. *Glenn*, 858 F.2d at 1581. In doing so, the Federal Circuit stated that it disagreed with this Court's "view that a transfer [] would distort the appeal procedure erected in the Contract Disputes Act." *Id.* (citations omitted). The Federal Circuit further held that "[t]he Claims Court's reasoning would without authority read a 90 day limit into [section 609(d)] – that is, no case could be transferred to and consolidated before the board (whatever the circumstances) if the contractor had appealed to the Claims Court more than 90 days after receiving the CO's decision." *Id.* The Federal Circuit has therefore clarified that section 609(d) is not so limited as to prevent the transfer of a case which is brought in this Court more than 90 days after the CO issues a final decision.

The Defendant concedes that transfer of this case is not precluded by section 609(d). *See* Def. Br. at 5 n.2 (citing *Glenn* and stating, "[t]he Government recognizes that there is no absolute prohibition on transferring this case to the the ASBCA even

though the 90-day period has passed.”). In the absence of any such prohibition, the Court finds that transfer is appropriate.

## III. Conclusion

For the reasons stated herein, **the Plaintiff’s Motion to Transfer is hereby GRANTED. The Defendant’s Motion to Consolidate is DENIED. Accordingly, the Clerk of the Court is ordered to transfer this case to the Armed Services Board of Contract Appeals.**

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge